COMMONWEALTH *vs.* ROBERT D. JONES.

Hampden. January 3, 1994. - May 4, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Plea, Admission to sufficient facts to warrant a finding. *Alien.*

A District Court judge incorrectly denied a criminal defendant's motion to withdraw his admission to sufficient facts to warrant a finding of guilty of possession of marihuana with intent to distribute, which had resulted in a conviction and sentence followed by a waiver of trial de novo, where the Commonwealth did not carry its burden, under G. L. c. 278, § 29D, of proving that the judge accepting the admission had satisfied the requirements of that statute, by advising the defendant that a consequence of his conviction may be deportation. [664-665]

COMPLAINT received and sworn to in the Springfield Division of the District Court Department on May 26, 1981.

A motion to withdraw an admission to facts sufficient to warrant a finding of guilty was heard by *George Bregianes,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Joseph P. Curran* for the defendant.

*Ellen Berger,* Assistant District Attorney, for the Commonwealth.

O'CONNOR, J. This is the defendant's appeal from a ruling in the District Court denying his motion to withdraw an admission to sufficient facts to warrant a finding of guilty of possession of marihuana with intent to distribute. The motion was grounded on the claim that, eleven years earlier, when the defendant made that admission pursuant to Mass. R. Crim. P. 12 (a) (3), 378 Mass. 866 (1979), and a judge accepted it and found him guilty, he had not been informed, as

required by G. L. c. 278, § 29D (1992 ed.), that his admission would expose him to the risk of deportation. According to the defendant, he was lawfully admitted to the United States in 1966. We transferred the appeal to this court on our own initiative, and we now reverse the ruling made in the District Court.

On October 6, 1981, the defendant made the admission at issue and was found guilty and sentenced. He waived his right to a trial de novo.[1] In 1983, according to the motion judge's findings, the defendant received an order from the United States Immigration and Naturalization Service (INS) requiring that he show cause why he should not be deported on account of his marihuana conviction. He was ordered deported in 1989. The judge found that no action was taken by the defendant until he moved to "withdraw his plea of guilty" on December 1, 1992.

The judge explained his reason for denying the defendant's motion in this way: "The Court finds that the defendant . . . excessively delayed in filing any pleadings in this matter as this pleading was filed some nine years [after the defendant had received the INS show cause order] when Judge Kramer [who had accepted the defendant's admission and had found him guilty] had retired and was no longer available. Since nine years had lapsed, this delay substantially contributed to the destruction of all tapes and any other material that the Court possessed with respect to this matter. In addition to that, it is totally improbable that the Commonwealth could find the necessary witnesses so that this matter can be retried.

"It was because of this extended delay, attributable solely to the defendant's action, that the Court denied the motion to withdraw a guilty finding in this matter."

General Laws c. 278, § 29D, provides as follows:

---

[1]Effective January 1, 1994, trial de novo was abolished in the Commonwealth. St. 1992, c. 379, § 193.

"The Court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the Court advises him of the following: 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.' The defendant shall not be required at the time of the plea to disclose his or her legal status in the United States to the court.

"If the Court fails so to advise the defendant, and he later at any time shows that his plea and conviction may have one of the enumerated consequences, the Court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of 'not guilty.' Absent a record that the Court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement."

In 1986, we held that "a first tier admission [in the District Court] to sufficient facts accompanied by a failure to appeal for a trial de novo is the functional equivalent of a guilty plea for purposes of G. L. c. 278, § 29D." *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 316 (1986). We concluded that the defendant in that case was entitled to the advisement required by the statute prior to his conviction. *Id.* at 317. We come to the same conclusion in this case despite the long delay which led the District Court judge to deny the defendant's motion. This result, we think, is required by the clear language of G. L. c. 278, § 29D.

Consistent with the judge's reasoning, the Commonwealth argues that there should be limits on the time within which a defendant may move to withdraw a guilty plea or an admission to sufficient facts. Otherwise, the Commonwealth says, it

may be deprived of a reasonable opportunity to produce proof that the defendant received the advisement required by the statute or to retry its case unhampered by the disappearance of witnesses or their failures of memory. Without time limits, according to the Commonwealth, defendants will be encouraged unfairly to manipulate the application of G. L. c. 278, § 29D, to their advantage.

In the instant case, we observe that there is no finding as to when the defendant became aware of G. L. c. 278, § 29D. For all that appears, until 1992 he was unaware that, before his conviction, he should have been advised of the possibility of deportation as a result of his admission to sufficient facts. Also, we cannot know when it was that the defendant first became aware that, pursuant to G. L. c. 278, § 29D, the Commonwealth would have the burden of proving that the defendant received the required advisement. No manipulation, therefore, has been shown in this case.

In any event, the statute is clear: "If the Court fails so to advise the defendant, and he later *at any time* shows that his plea and conviction may have one of the enumerated consequences [including deportation], the Court, on the defendant's motion, *shall* vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of 'not guilty.' Absent a record that the Court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." (Emphasis added.) G. L. c. 278, § 29D. Thus, the explicit language of the statute unambiguously manifests a legislative intent to place on the Commonwealth the burden of proving that the requirements of G. L. c. 278, § 29D, have been satisfied, irrespective of the amount of time that may have passed between a conviction and a defendant's motion to withdraw his plea or his admission to sufficient facts. We are not free to ignore or to tamper with that clear expression of legislative intent. If the law is to be changed, the change can only be made by the Legislature. We reverse the ruling in the District Court denying the defendant's motion to withdraw his admission to sufficient facts

to warrant a finding of guilty of possession of marihuana with intent to distribute. We vacate the finding of guilty and the judgment of conviction.

*So ordered.*