## COMMONWEALTH *vs.* RICHARD A. PRYCE.

Suffolk. March 4, 1999. - May 6, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Practice, Criminal,* Plea, New trial. *Alien.*

A District Court judge correctly denied a criminal defendant's motion, filed after he was deported, to vacate his conviction and grant a new trial, where: the record of the plea and conviction showed that the defendant received a plea hearing; the judge found that it was standard practice to give the warning required by G. L. c. 278, § 29D, at such hearings; contemporaneous court records of other charges against the defendant demonstrated that he was aware that his conviction could result in deportation; moreover, the statutory presumption was inapplicable after deportation had occurred and, in any event, there was no showing that the defendant's conviction had been the cause of his deportation. [557-559]

COMPLAINT received and sworn to in the Dorchester Division of the District Court Department on November 9, 1989.

After the defendant's plea of guilty was accepted by *Ellen Flatley,* J., in the Boston Municipal Court Department, a motion for a new trial, filed on April 17, 1997, was heard by *William J. Tierney,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

The case was submitted on briefs.

*Christopher Pohl,* Assistant District Attorney, for the Commonwealth.

*Richard A. Pryce,* pro se.

LYNCH, J. The defendant pleaded guilty in the Boston Municipal Court on March 28, 1991, to possession of cocaine, in violation of G. L. c. 94C, § 34. On April 17, 1997, he moved for a new trial claiming, inter alia, that at the time of his guilty plea, he was not given the warning required by G. L. c. 278,

§ 29D.[1] A judge in the Boston Municipal Court denied the motion after a hearing, and after a timely appeal the Appeals Court reversed the judgment. *Commonwealth* v. *Pryce*, 45 Mass. App. Ct. 535, 536 (1998). We granted the Commonwealth's application for further appellate review and now affirm the decision of the Boston Municipal Court judge.

After the conviction referred to above and other convictions the defendant was deported in August, 1992. He was subsequently arrested following his illegal reentry into the United States. He now challenges his 1991 conviction to obtain a revision of his Federal sentence on the illegal reentry charge which his numerous convictions enhanced.

In regard to his claim that the trial judge failed to give him the immigration warning required by G. L. c. 278, § 29D,[2] the motion judge found that tapes of the 1991 hearing were not preserved for more than two and one-half years as mandated by Rule 308 of the Special Rules of the Boston Municipal Court Department. He further found, however, that "there is a notation on the docket sheet for January 20, 1989, which reads as follows: 'Defendant offers to plead guilty — after hearing. Court accepts defendant's offer. Defendant pleads guilty.' This notation indicates that the defendant did receive the required immigration warnings. The notation 'after hearing' refers to the standard colloquy that is given each time that a defendant pleads guilty. It was the policy of this court at that particular time that when immigration warnings were given, there was no specific stamp entitled 'alien warnings given' to be entered on the docket sheet. The defendant has not submitted sufficient evidence to support this claim and his motion should be denied."

*Discussion.* At first glance and, as the Appeals Court decided, this case appears to be governed by our decision in *Commonwealth* v. *Jones*, 417 Mass. 661 (1994). On analysis we

---

[1]General Laws c. 278, § 29D, provides in pertinent part:

"The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court advises such defendant of the following: 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation . . . .' "

[2]The defendant's claim that he was not advised of his right to appeal from his conviction was properly denied by the motion judge based on the defendant's inadequate affidavit and his failure to demonstrate that his conviction, if not reversed, would result in manifest injustice. See *Commonwealth* v. *Gagliardi*, 418 Mass. 562, 564-565 (1994), cert. denied, 513 U.S. 1091 (1995).

conclude otherwise because of significant differences which we discuss below.

The presumption created by G. L. c. 278, § 29D, arises when there is no record that the court provided the required advisement. In *Commonwealth* v. *Jones, supra* at 662, the judge denied the motion because of the defendant's excessive delay in bringing the matter before the court. Apparently there was no record of what transpired when the defendant admitted to sufficient facts. That is not the case here. First, there is a record that a hearing took place, although there is no mention of the deportation advisement. The motion judge then relied on what he knew to be the practice of his court to reconstitute the record. Another important difference exists between the facts we confronted in *Commonwealth* v. *Jones, supra*, and those before us now. In *Commonwealth* v. *Jones, supra* at 664, we said, "For all that appears, until 1992 [eleven years after his conviction], [the defendant] was unaware that, before his conviction, he should have been advised of the possibility of deportation as a result of his admission to sufficient facts." Here, however, we know from contemporaneous court records involving other charges against this defendant that he was aware that his conviction could result in his deportation. In 1989, a complaint for possession of a class B substance with intent to distribute was brought against him in the Dorchester District Court. He was found guilty on this complaint in 1989 and the docket shows that the deportation warning was given with the recommendation that no immigration action be taken. Subsequently, he filed a motion to revise and revoke, which was allowed, and he was placed on probation. When he violated the terms of his probation, the recommendation against deportation was rescinded. After a de novo appeal to the Boston Municipal Court, the defendant pleaded guilty on July 18, 1991. On February 18, 1998, in a memorandum and order pursuant to its rule 1:28, the Appeals Court, relying on the docket entry, "alien warning given" and the finding that the plea was willing, knowing, and voluntary, affirmed the denial of the defendant's motion for a new trial.[3] Notably, the July 18, 1991, conviction was also a basis for his enhanced Federal sentence.

Another factor distinguishes our decision here from *Commonwealth* v. *Jones, supra*. There, in spite of the lapse of time

---

[3]The motion was in all material respects the same as the motion before us here.

between his conviction and his motion (six years), the defendant had not been deported. Here deportation took place in 1992, before the motion for a new trial was filed. The statute requires the alien warning when the conviction *"may* have the consequences of deportation" (emphasis added). The concept of attacking the conviction after deportation has taken place is missing from the statute. We perceive this to be more than a semantic lapse. If a defendant could attack his conviction any time after deportation had taken place, difficulties of proof for the Commonwealth would frequently exist which, in some instances, would be insurmountable.

We also note that, even if the statute is construed to apply where the defendant has already been deported, the defendant's cause is not advanced. If read in this way, the statute would require the defendant to show that this conviction caused his deportation. The defendant makes no such showing, and from court records and affidavits we know that he had been convicted of other offenses which were considered at the time of his deportation.

In sum, therefore, we have a record that the defendant received a hearing augmented by a judge's finding that it was standard practice to give the alien warning at such hearing. We know that the defendant was aware when he entered his plea that it could result in his deportation. Furthermore, the statutory presumption which he seeks to invoke has no apparent application when his motion for a new trial comes after deportation. Nor has he satisfied the statutory requirement that he show that this conviction caused him to be deported. In such circumstances the motion judge was correct in denying the defendant's motion to vacate his conviction of March 28, 1991, and grant him a new trial.

Finally, we note that we have not considered what effect, if any, the presumption of regularity that we recently articulated in *Commonwealth* v. *Grant,* 426 Mass. 667, 670-671 (1998), and *Commonwealth* v. *Lopez,* 426 Mass. 657, 661 (1998), may have on the statutory presumption of G. L. c. 278, § 29D.

*Judgment affirmed.*