COMMONWEALTH *vs.* OLEG PODOPRIGORA. No. 98-P-1771. May 13, 1999. *Practice, Criminal,* Plea, Record. *Alien. Criminal Records.*

On November 8, 1993, in Brookline District Court, the defendant, Oleg Podoprigora, admitted to sufficient facts to warrant a finding of guilty of one count each of assault and battery, assault and battery by means of a dangerous weapon, and threatening to commit a crime. In October, 1997, the same judge who had accepted the defendant's admission to sufficient facts ordered the revocation of the defendant's probation based upon the defendant's violation

---

of an outstanding c. 209A order.[1] In February, 1998, the defendant filed a motion to vacate judgment and for a new trial, claiming that he had not been given the "advisement," or "alien warnings," required by G. L. c. 278, § 29D (as to possible deportation, exclusion, or denial of naturalization consequential to a guilty plea) when he admitted to sufficient facts in 1993. Although the recording of the 1993 proceedings was unavailable (having been discarded in accordance with standard District Court practice after two and one-half years), the Commonwealth did present, in opposition to the motion, the docket sheet from his case, which contained a check mark at the box on the docket form entitled "Advised of alien rights." After a hearing in July, 1998 (during which it was brought out that the defendant was not in Immigration and Naturalization Service custody any longer but had been in State custody for the past year), the judge denied the defendant's motion and wrote "Specifically — do not believe the petitioner — rely on docket entry."

General Laws c. 278, § 29D, as appearing in St. 1996, c. 450, § 254, states that "[a]bsent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." The defendant argues on appeal that the judge erred in his analysis because, in the absence of a tape recording or transcript of the proceedings, the statutory presumption is that the alien warnings were not given. The defendant makes the claim (unencumbered by citation to any authority) that "[t]o prevail at a hearing under the statute in these circumstances, the Commonwealth would need a clerk to testify he specifically remembered checking the box *only* after the immigration warning was given in this particular case." The Commonwealth counters that it met its burden of providing a record affirmatively demonstrating that the defendant received the advisement by producing the docket sheet of the 1993 proceeding. This case turns on whether the docket sheet qualifies as a "record" within the meaning of G. L. c. 278, § 29D, so as to avoid operation of the statutory presumption in favor of the defendant. The Commonwealth persuasively argues, and we conclude, that docket sheets are part of the court records and may be presented as prima facie evidence of the facts recorded therein. See *Washington Natl. Bank* v. *Williams*, 190 Mass. 497, 503 (1906); *Savage* v. *Welch*, 246 Mass. 170, 176 (1923); *Commonwealth* v. *Boudreau*, 362 Mass. 378, 382 (1972); *Commonwealth* v. *Deeran*, 364 Mass. 193, 198 (1973); *Barry* v. *Commonwealth*, 390 Mass. 285, 289 (1983); *Commonwealth* v. *Farris*, 390 Mass. 300, 303-304 (1983); *Commonwealth* v. *Napier*, 417 Mass. 32, 34 (1994).

The recent decision in *Commonwealth* v. *Pryce*, 429 Mass. 556 (1999), underscores the correctness of the decision below with respect to the suf-

---

[1]At that time, the defendant was in the custody of the Immigration and Naturalization Service for reasons which are not clear on the record but which the judge appears to have thought were preliminary to his deportation. Arguably, on this record, the defendant's motion could be denied because he failed to bear his burden of demonstrating not only the failure to receive the alien warnings but also the additional requirement of G. L. c. 278, § 29D, as appearing in St. 1996, c. 450, § 254, that "his plea and conviction may have one of the enumerated [deportation or exclusion] consequences." Cf. *Commonwealth* v. *Pryce*, 429 Mass. 556, 558-559 (1999). Indeed, the record before us does not even establish that the defendant is an alien. Contrast *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 318 (1986).

ficiency of the record to rebut the statutory presumption. There, a motion judge found (in 1997) that an entry on a docket sheet that the court accepted the defendant's offer to plead guilty "after hearing" (in 1991) connoted that the alien warnings had been given, because the notation reflected the court's practice in 1991 of providing the warnings along with the rest of the standard guilty plea colloquy. The judge accordingly denied the defendant's motion for a new trial claiming that he had not received such warnings in 1991. The Supreme Judicial Court affirmed on the same basis (noting additionally that the defendant was actually aware of possible deportation consequences when he entered his plea). *Id.* at 559. Here, we have not only the motion judge's observation that it was his "standard practice" to give the alien warnings at the time of the defendant's admission to sufficient facts but an even more explicit contemporaneous document reflecting the provision of the advisement than in *Pryce*. We agree with the Commonwealth that this satisfied its obligation to establish that the defendant received his statutory due. Accordingly, we affirm the order of the District Court denying the defendant's motion to vacate judgment and for a new trial.

*So ordered.*

*Eric W. Ruben* for the defendant.

*David E. Hoffman* (*Frances M. Burns*, Special Assistant District Attorney, with him) for the Commonwealth.