COMMONWEALTH *vs.* ORIOL SOTO. No. 97-P-1430. July 14, 1999. *Practice, Criminal*, Plea. *Alien. Statute*, Construction. Further appellate review granted, 430 Mass. 1108 (1999).

The defendant appeals from the order denying his motion to withdraw his plea of guilty to possession of cocaine with intent to distribute. The defendant

claims that the plea judge violated the provisions of G. L. c. 278, § 29D,[1] in failing to advise him that his conviction could result in his exclusion from admission to the United States and, thus, under the terms of § 29D his conviction must be vacated. We reverse the order denying the motion for the reasons stated.

We summarize the pertinent facts. In August, 1988, the defendant was convicted by a jury in the Superior Court of trafficking in more than 200 grams of cocaine. On November 23, 1990, a Superior Court judge allowed the defendant's motion for a new trial. On November 26, 1990, the defendant pleaded guilty to so much of the indictment as charged him with possession of cocaine with intent to distribute and received a sentence of time served of 995 days. At the time of his plea, the plea judge informed the defendant that his conviction could result in his being denied citizenship or in his deportation but did not advise him that his conviction could also result in his being excluded from admission into the United States. On May 28, 1997, the defendant, who is a citizen of the Dominican Republic, sought admission to the United States via Puerto Rico.[2] At that time, he was served with a notice from the United States Immigration and Naturalization Service that he was being denied admission to the United States because of his conviction for trafficking in a controlled substance on October 12, 1988.[3] On June 10, 1997, after the receipt of this notice, the defendant filed a motion to withdraw his plea of guilty. The motion judge was furnished with a transcript of the plea hearing in which the plea judge had not advised the defendant that his conviction could also result in his being excluded from admission to the United States. Concluding, however, that the defendant was sufficiently advised of the immigration consequences of his plea by the warnings given, the judge denied the defendant's motion to withdraw his plea.

In *Commonwealth* v. *Jones*, 417 Mass. 661, 664 (1994), the Supreme Judicial Court stated that the "statute is clear: '[i]f the Court fails so to advise the defendant, and he later *at any time* shows that his plea and conviction may have one of the enumerated consequences . . . , the Court, on the defendant's

---

[1]General Laws c. 278, § 29D, as inserted by St. 1978, c. 383, provided in pertinent part as follows: "The Court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the Court advises him of the following: 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States'. . . . If the Court fails so to advise the defendant, and he later at any time shows that his plea and conviction may have one of the enumerated consequences, the Court, on the defendant's motion, *shall vacate the judgment*, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of 'not guilty' " (emphasis supplied).

The statute was amended, minimally, by St. 1996, c. 450, § 254.

[2]The record is silent as to whether deportation proceedings were ever commenced against the defendant. At oral argument the defendant represented that he left the United States voluntarily.

[3]As noted, the defendant's trafficking conviction (of August 11, 1988) was voided by the allowance of the motion for new trial. Neither party has argued that the Immigration and Naturalization Service notice refers to a conviction other than that of November 26, 1990. In any event, the only matter before us is the guilty plea (and conviction) of November 26, 1990, for possession with the intent to distribute.

motion, *shall* vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of "not guilty." ' " Here, the defendant filed his motion to withdraw his plea of guilty thirteen days after receipt of the notice that he was being denied admission to the United States. No showing has been made that he was aware that would be one of the consequences of his plea until he received this notice. In these circumstances, where the statute mandates that all three warnings must be given, *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 318 (1986), and the judge omitted the consequence of "exclusion from admission to the United States," we conclude the motion to withdraw the plea should have been allowed. Cf. *Commonwealth* v. *Pryce*, 429 Mass. 556, 558-559 (1999) (order denying motion to withdraw plea affirmed where the judge acknowledged that his practice was to give the alien warning in every case; the defendant was aware that his deportation could be a consequence of his plea; and his deportation had already taken place before he sought to vacate his conviction). While we are aware that this may pose difficulties of proof for the Commonwealth in its subsequent prosecution of the defendant for this offense, see *Commonwealth* v. *Pryce*, 429 Mass. at 559, to rule othewise would ignore both the explicit language of the statute and a basic tenet of statutory construction that "a statute must be construed 'so that effect is given to all its provisions, so that no part will be inoperative or superfluous.' " *Bankers Life & Cas. Co.* v. *Commissioner of Ins.*, 427 Mass. 136, 140 (1998), quoting from 2A Singer, Sutherland Statutory Construction § 46.06 (5th ed. 1992). As the Supreme Judicial Court noted in *Jones*, if the statute is to be changed, the change can only be made by the Legislature. *Commonwealth* v. *Jones*, 417 Mass. at 664.

The order denying the motion to withdraw the guilty plea is reversed. An order shall enter allowing the motion. The finding of guilty and the judgment are vacated.

*So ordered.*

*James E. McCall* for the defendant.
*David W. Cunis*, Assistant District Attorney, for the Commonwealth.