COMMONWEALTH *vs.* ROMAN RZEPPHIEWSKI.[1]

Suffolk. December 6, 1999. - March 14, 2000.

Present: MARSHALL, C.J., ABRAMS, LYNCH, GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Practice, Criminal,* Plea, Record. *Alien.*

In the circumstances of a criminal proceeding in which the defendant nine
years later moved pursuant to G. L. c. 278, § 29D, to vacate his conviction
and withdraw his admission to sufficient facts to a violation of G. L. c. 90,
§ 24, the recitation of the motion judge, who had also received the admis-
sion, in a memorandum of decision of what he remembered of the plea
colloquy and of his then customary practice with respect to advising
defendants regarding adverse immigration consequences was a sufficient
reconstructed record, along with the docket entries, of the advisement
required by c. 278, § 29D, to render inoperative that statute's presumption
of nonadvisement. [51-55]

The reconstructed record of a criminal proceeding in which the defendant
admitted sufficient facts to warrant a finding of guilty adequately
established that the judge gave the deportation advisement mandated by
G. L. c. 278, § 29D, and the judge did not abuse his discretion in denying
a later filed motion of the defendant to withdraw his plea pursuant to the
statute. [55-56]

On appeal from the denial of a criminal defendant's motion to withdraw his
admission to sufficient facts pursuant to G. L. c. 278, § 29D, docket sheets
from unrelated cases on three subsequent offenses, indicating that the
defendant had received the statutory deportation advisement when entering
pleas on those matters, were irrelevant to the matter on appeal. [56]

COMPLAINT received and sworn to in the South Boston Divi-
sion of the District Court Department on March 27, 1989.

A motion to withdraw a guilty plea and vacate a finding of
sufficient facts to warrant a finding of guilty, filed on April 13,
1999, was heard in the Boston Municipal Court Department by
*Herbert H. Hershfang,* J.

The Supreme Judicial Court granted an application for direct
appellate review.

[1]As is our custom, we use the defendant's name as it appears on the
complaint. See *Commonwealth* v. *Rodriquez,* 418 Mass. 1, 1 n.1 (1994).

*James P. O'Shea* for the defendant.

*Christopher Pohl*, Assistant District Attorney, for the Commonwealth.

LYNCH, J. On March 27, 1990, in the Boston Municipal Court, the defendant, Roman Rzepphiewski, an alien, admitted to sufficient facts to warrant a finding of guilt on the charge of operating a motor vehicle while under the influence of alcohol, in violation of G. L. c. 90, § 24. On April 13, 1999, the defendant moved in the same court to withdraw this plea and vacate the finding of sufficient facts, arguing that the plea might render him deportable from the United States under the Federal Immigration and Nationality Act of 1952 (INA), 8 U.S.C. § 1101(a) (1994), and claiming that at the time he entered the plea, the judge did not advise him, as required by G. L. c. 278, § 29D, that his conviction could result in his deportation or other adverse immigration consequences under Federal law (deportation advisement). After the motion was denied, the defendant timely appealed, and we granted his application for direct appellate review. We affirm.

1. General Laws c. 278, § 29D, provides that a defendant is entitled, on a motion, to have a judgment of conviction vacated and to withdraw his plea of guilty or nolo contendere if, at the time the plea was entered, the judge failed to give the required deportation advisement and the defendant "later at any time shows that his plea and conviction may have one of the enumerated consequences."[2] The statute thus places on the defendant the burden of "show[ing]" that he "may" be subject to deporta-

---

[2]General Laws c. 278, § 29D, provides, in its entirety:

"The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court advises such defendant of the following: 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.' The defendant shall not be required at the time of the plea to disclose to the court his legal status in the United States.

"If the court fails so to advise the defendant, and he later at any time shows that his plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement."

tion or other adverse immigration consequences as a result of an admission to sufficient facts in a State court proceeding.[3]

We assume without deciding, as the defendant argued below and the Commonwealth now concedes, that an admission to sufficient facts on the charge of operating a motor vehicle while under the influence, G. L. c. 90, § 24, could subject an alien to deportation under the INA, as that act has recently been construed.[4] However, nothing in the record even asserts, let alone establishes, that the defendant *currently* is an "alien" within the meaning of the INA and thus deportable under its relevant provisions.[5] The defendant's affidavit, which he submitted below in support of his motion to vacate his plea, avers that he was an alien when he tendered his plea on or about March 26, 1990, but not that he continued in this status at the time he brought his motion.[6] The defendant thus has not satisfied his burden under G. L. c. 278, § 29D, of "show[ing]" that his admission to sufficient facts "may have" the adverse immigration consequences that he cites or, therefore, that he is entitled to the

---

[3]For purposes of G. L. c. 278, § 29D, we treat an admission to sufficient facts to warrant a finding of guilt as the functional equivalent of a guilty plea. See *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 316-317 n.2 (1986); *Commonwealth* v. *Duquette*, 386 Mass. 834, 844-846 (1982).

[4]The INA provides, in relevant part, that "[a]ny *alien* who is convicted of an aggravated felony at any time after admission is deportable" (emphasis added). 8 U.S.C. § 1227(a)(2)(A)(iii) (1994). An "aggravated felony" is "a crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). Recent Federal decisions construing this statutory language hold that the offense of operating a motor vehicle while under the influence of an intoxicating substance satisfies this definition of a violent crime, see *Camacho-Marroquin* v. *Immigration & Naturalization Serv.*, 188 F.3d 649, 652 (5th Cir. 1999); In re Magallanes-Garcia, Board of Immigration Appeals, File No. A90219200 (Mar. 19, 1998), and, therefore, suggest that an admission to sufficient facts on this charge could render an alien deportable.

[5]See note 4, *supra*. The INA defines an "alien" as "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). The defendant's appellate counsel represented in a reply brief, at oral argument, and in a letter submitted after argument, that the defendant currently is an alien with an application for permanent residency pending. Such unsworn representations by counsel to an appellate court, however, are not evidence.

[6]We note, additionally, that there is no evidence in the record to suggest that this defendant has been taken into custody by the Federal Immigration and Naturalization Service (INS), is currently in deportation proceedings before the INS, or has even been notified by the INS that he is now subject to deportation. See, e.g., *Commonwealth* v. *Podoprigora*, 46 Mass. App. Ct. 928, 929 n.1 (1999).

extraordinary relief that the statute affords an alien defendant who did not receive the required advisement. See *Commonwealth* v. *Lopez*, 426 Mass. 657, 659 n.2 (1998); *Commonwealth* v. *Podoprigora*, 46 Mass. App. Ct. 928, 929 n.1 (1999).

2. The preceding analysis ordinarily would suffice to deny the defendant appellate relief. However, because the Commonwealth concedes that the defendant has met his burden of showing that his plea may result in his deportation, we proceed to address the defendant's claim that he is entitled under G. L. c. 278, § 29D, to withdraw his admission to sufficient facts.

(a) We deal first with the defendant's contention that he is entitled to benefit from the statute's express provision that, "[a]bsent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." G. L. c. 278, § 29D. We conclude that the statute's presumption of nonadvisement is not operative in this case.

By April 13, 1999, when the defendant sought to withdraw his plea, the tape recording of the original plea hearing had apparently been destroyed pursuant to court rule, see Special Rule 308 (A) (4) (a) of the Boston Municipal Court Department (1999), and no transcript of the proceeding was available. The extant docket sheet indicates that, on March 27, 1990, a hearing took place at which the defendant, represented by counsel, waived his right to a jury trial and admitted to sufficient facts on the charged offense, but it does not explicitly state that the deportation advisement was given.

In denying the defendant's motion to vacate his plea, however, the motion judge, who was the same judge who had taken the defendant's plea on March 27, 1990, found as follows:

"4/23/99. After review of my records, and noting the defendant's age (33) and years of schooling completed (11) are recorded, I conclude full colloquy was given [defendant]. See memo in comparable facts and result in *Commonwealth* v. *Thomas*, [No.] 88-230033."

In rejecting the defendant's claim, the judge thus incorporated by reference what he had stated in a similar case: "[The defendant] has no more reason to recall that alleged omission than I do to recall the details of [the deportation advisement's]

having been given." Moreover, he reasoned that his "contemporaneously made notes" of the hearing, which recorded the defendant's age and years of schooling, coupled with his "practice from early on in [his] tenure as a judge" to begin a plea colloquy by making these two inquiries, were evidence that he had engaged in the plea colloquy with the defendant. Based on these entries in his personal records and his customary practice in administering the plea colloquy, the judge concluded that he had "no reason to believe that the 'alien warning' was not part of my colloquy with this defendant who appeared before me when I had been on the bench for more than [two] years."

The defendant argues that, nevertheless, there is no "record," within the meaning of G. L. c. 278, § 29D, that the advisement was given during the plea hearing. Accordingly, he argues, citing our decision in *Commonwealth* v. *Jones*, 417 Mass. 661 (1994), and the decision of the Appeals Court in *Commonwealth* v. *Pryce*, 45 Mass. App. Ct. 535 (1998), *S.C.*, 429 Mass. 556, 557-558 (1999) (affirming judge's denial of defendant's motion for new trial, which Appeals Court had reversed), we are compelled by the statute to presume conclusively that the deportation advisement was *not* given during that plea hearing, thereby entitling him to withdraw his plea.

We reject the defendant's contention that "a record" that the advisement was given is absent, thus triggering the statutory presumption of nonadvisement.[7] Significantly, the statute does not require that *the official record* of the plea hearing be produced to render the presumption of nonadvisement inoperative, but only *"a record* that the court provided the advisement" (emphasis added). G. L. c. 278, § 29D. Cf. G. L. c. 218, §§ 26A, 27A (*h*) (denoting tape recording of jury-waived and jury trials in Boston Municipal Court as "the official record" of such proceedings in absence of stenographer); G. L. c. 119, §§ 55A, 56 (*h*) (same in Juvenile Court proceedings). The Ap-

---

[7]We therefore express no opinion whether, in the genuine absence of a record (either actual or reconstructed) that the deportation advisement was given, the statutory presumption of nonadvisement which we applied in *Commonwealth* v. *Jones*, 417 Mass. 661 (1994), operates conclusively or, instead, may be rebutted by the contrary presumption of regularity in court proceedings subsequently articulated in *Commonwealth* v. *Lopez*, 426 Mass. 657, 661 (1998), which, in the absence of a contemporaneous or reconstructed record of a plea colloquy, puts on the defendant the burden of producing credible evidence that his guilty plea was not knowing, intelligent, and voluntary. See *Commonwealth* v. *Pryce*, 429 Mass. 556, 559 (1999).

peals Court has held that the term "record" in G. L. c. 278, § 29D, is not limited to a tape recording or transcript of a judicial proceeding, but includes a docket sheet on which a box has been checked indicating that the deportation advisement was given. See *Commonwealth* v. *Podoprigora, supra* at 929, and cases cited. Moreover, in *Commonwealth* v. *Pryce*, 429 Mass. 556, 557-558 (1999), we concluded that a docket sheet bearing the notation "[d]efendant offers to plead guilty — after hearing," coupled with a statement by the motion judge, who was not the judge who took the defendant's plea, that this notation referred to his court's standard plea colloquy and thus connoted that the defendant had received the deportation advisement, sufficed to "reconstitute the record" of the advisement's having been given, thereby avoiding operation of the presumption of nonadvisement. See *Commonwealth* v. *Podoprigora, supra* at 930 (in addition to docket entry indicating deportation advisement was given, motion judge stated it was his "standard practice" to give advisement in plea colloquy). We distinguished the situation in *Commonwealth* v. *Pryce, supra,* from that presented in *Commonwealth* v. *Jones, supra* at 662, where apparently there was no record of what had transpired when the defendant admitted to sufficient facts and the judge who had accepted the defendant's admission had since retired and was unavailable, thus precluding a reconstruction of the contemporaneous record of the plea hearing.

Our recognition in *Commonwealth* v. *Pryce, supra,* that a reconstructed record of a plea hearing satisfies the "record" requirement of G. L. c. 278, § 29D, comports with our decisions affirming denials of motions to withdraw guilty pleas on the grounds of involuntariness or lack of understanding, where contemporaneous records of the plea hearings have become unavailable due to no fault of the Commonwealth. While acknowledging that the Commonwealth has the obligation to prove that a contemporaneous record[8] of a defendant's plea hearing satisfies certain standards of voluntariness and understanding, we have held that, if that record "is unavailable,

---

[8]Nor is the "contemporaneous record" limited to the record of proceedings on acceptance of the plea, but includes also "the record of trial, if there was one, preceding the plea, so far as that record may have any substantial bearing on the question whether the defendant made the plea willingly and intelligently." *Commonwealth* v. *Quinones*, 414 Mass. 423, 432 (1993), quoting *Commonwealth* v. *Foster*, 368 Mass. 100, 108 n.6 (1975).

it may be reconstructed through testimony or other suitable proof of what happened in court when the guilty plea was taken." *Commonwealth* v. *Quinones*, 414 Mass. 423, 432 (1993), citing *Commonwealth* v. *Foster*, 368 Mass. 100, 108 n.6 (1975), and *Commonwealth* v. *Duest*, 26 Mass. App. Ct. 137, 145 (1988), *S.C.*, 30 Mass. App. Ct. 623 (1991). We have expressly recognized in this context that a judge's "recitation in a memorandum of decision of what he remembers of the plea colloquy . . . even when, as would almost always be the case, the judge recalls only the substance of the colloquy and not the precise words used," as well as a judge's reliance on his "customary practice in taking guilty pleas," are legitimate means of reconstructing a record of the plea hearing. See *Commonwealth* v. *Quinones*, *supra* at 432-433 & n.7, and cases cited; *Commonwealth* v. *Duest*, *supra* at 145-147. The judge's recitation of facts and statement of his customary practice in taking pleas need not be in the form of testimony before another judge; rather, a "nontestimonial recitation . . . may properly support the reconstruction of the record" of a plea hearing. *Commonwealth* v. *Quinones*, *supra* at 434. See *Commonwealth* v. *Duest*, *supra* at 143-147 (judge's findings of fact in memorandum of decision as to "what most likely occurred during the [defendant's] pleas" considered, along with defendant's own prior testimony at another trial, as part of reconstructed record of defendant's plea hearing, where stenographic notes of hearing had been destroyed). See also *Commonwealth* v. *Napier*, 417 Mass. 32, 34 (1994), citing *Commonwealth* v. *Deeran*, 364 Mass. 193, 198 (1973) (judge's signed notation that witness did not desire counsel sufficient evidence of waiver of counsel); *Commonwealth* v. *Boudreau*, 362 Mass. 378, 382 (1972) (handwritten notation of name of defendant's counsel on face of criminal complaint sufficient to prove that defendant had counsel for purposes of determining propriety of impeachment by prior convictions).

In light of these principles, the docket sheet indicating that, on March 27, 1990, the defendant admitted to sufficient facts after a hearing, coupled with the judge's decision on the motion, which recalled specific details of the defendant's plea hearing[9] and relied on the judge's customary practice of including the deportation advisement in a plea colloquy, suffice to

---

[9]The defendant claims that the judge's notation is mistaken with respect to his age at the time of the plea hearing, stating that he was thirty-three years

reconstruct "a record that the court provided the [deportation] advisement" at the plea hearing. G. L. c. 278, § 29D. Indeed, the reconstructed record of the plea hearing in this case is all the more compelling because the motion judge was the same judge who had taken the defendant's plea at the jury-waived proceeding nine years earlier. See *Commonwealth* v. *LeFave*, 430 Mass. 169, 176 (1999) (deference accorded to views of motion judge who was also trial judge). Accordingly, the statutory presumption of nonadvisement, which is triggered only in the absence of "a record" that the deportation advisement was given, G. L. c. 278, § 29D, is not operative here.

(b) The inapplicability of the statute's presumption of nonadvisement does not resolve the matter, however, as we must next determine whether the record, as reconstructed, adequately establishes that the judge gave the deportation advisement mandated by statute at the defendant's hearing. See G. L. c. 278, § 29D ("If the court fails so to advise the defendant . . ."); *Commonwealth* v. *Soto*, 47 Mass. App. Ct. 914, 915-916 (1999) (record of plea hearing indicating that deportation advisement was given reviewed to determine whether "all three warnings [were] given"). We have already summarized the evidence in the record that tends to prove that the judge included the deportation advisement in the defendant's plea colloquy. The defendant counters with an affidavit averring, in pertinent part, that "[a]t no time during [the March 27, 1990] hearing and admission to sufficient facts was I instructed or advised by the [c]ourt that my admission to sufficient facts could possibly result in my deportation from the United States." No other evidence was before the motion judge on this issue. A judge is not required to accept as true the allegations in a defendant's affidavit, even if nothing in the record directly disputes them. See *Commonwealth* v. *Martens*, 398 Mass. 674, 678 (1986), cert. denied, 481 U.S. 1041 (1987), citing *Commonwealth* v. *DeChristoforo*, 360 Mass. 531, 543, (1971). Moreover, because the motion judge was the same judge who presided over the defendant's plea hearing, he was in a superior position to assess

---

old when in fact he was only thirty-two years old. However, because the defendant does not dispute that he did in fact have a hearing before this judge on March 27, 1990, at which he admitted to sufficient facts on the charged offense, and because the alleged factual discrepancy does not bear on the judge's recollection of having given the deportation advisement as part of the plea colloquy, this minor discrepancy, even if substantiated, would not suffice to invalidate the reconstructed record of the plea hearing.

the credibility of the defendant's claim that the deportation advisement had been omitted from a plea colloquy that occurred more than nine years earlier. See *Commonwealth* v. *Thomas*, 399 Mass. 165, 167 (1987), citing *Commonwealth* v. *Grace*, 397 Mass. 303, 307 (1986) (within judge's discretion to determine weight and import of affidavits submitted, especially where motion judge was also trial judge). Accordingly, we conclude that the judge's finding that the deportation advisement was given at the plea hearing is not clearly erroneous, see *Commonwealth* v. *Freiberg*, 405 Mass. 282, 294, cert. denied, 493 U.S. 940 (1989); *Commonwealth* v. *Hine*, 393 Mass. 564, 568 (1984), and, therefore, that the judge did not abuse his discretion in denying the defendant's motion to withdraw his plea pursuant to G. L. c. 278, § 29D.

Finally, the Commonwealth's motion to expand the record to include criminal docket sheets indicating that the defendant received the statutory deportation advisement when entering pleas on three subsequent offenses is denied. While it may be permissible to include in a reconstructed record of a plea hearing such "post-plea circumstance, so close in time to the [challenged] plea itself as arguably to be essentially contemporaneous," *Commonwealth* v. *Pingaro*, 44 Mass. App. Ct. 41, 47-48 n.9 (1997), citing *Commonwealth* v. *Duest*, 30 Mass. App. Ct. 623, 625 (1991), these docket sheets relate to plea hearings that took place (in the earliest instance) nine months after the challenged plea and are irrelevant to the issue whether the defendant received the deportation advisement on or prior to March 27, 1990, when he admitted to sufficient facts. Cf. *Commonwealth* v. *Pryce, supra* at 558 (record of defendant's *prior* plea hearing, showing that he received deportation advisement at that hearing, was "contemporaneous court record[]" evidencing that defendant was aware of immigration consequences of conviction when he subsequently offered challenged plea).

The judge's denial of the defendant's motion to withdraw his plea and vacate the finding of sufficient facts is affirmed.

*So ordered.*