Twenty-four years after pleading guilty in two separate cases, the defendant, Gary Thornton, appeals from the order denying his motion to vacate his convictions, claiming the plea as to one case was constitutionally defective. We affirm.
Background. On March 19, 1992, the defendant, while represented by counsel, pleaded guilty in two separate cases, on the same day, before the same judge (plea judge). In each case he was sentenced to two years in the house of correction, "one year direct," with the balance suspended for three years. The sentences were to run concurrently. On April 11, 2016, the defendant filed a motion to vacate his guilty plea and for a new trial on one of the two cases, in which he was convicted of operating while under the influence of alcohol and leaving the scene after causing property damage.[2] The motion was denied. Specifically, the motion judge found:
"Where the sentences on each case are so clearly intertwined and the defendant represented by the same attorney in the same trial session on the same day before the same judge this court finds that the two pleas were taken by the court at the same time as part o[f] one plea hearing before [the plea judge]. Under these circumstances the court need only provide one plea colloquy at the time that the defendant pleaded guilty to the two OUI cases he had in the Jury of Six Session twenty-four years ago."
The defendant's motion for reconsideration was denied and this appeal followed.[3]
Discussion. The defendant claims that he is entitled to a new trial, contending that he did not receive a plea colloquy. "A postsentence motion to withdraw a plea is treated as a motion for a new trial." Commonwealth v. Conaghan, 433 Mass. 105, 106 (2000). We review a judge's decision denying a motion for a new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016) (quotation omitted). "Under the abuse of discretion standard, the issue is whether the judge's decision resulted from 'a clear error of judgment in weighing the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives.' " Commonwealth v. Kolenovic, 471 Mass. 664, 672 (2015), quoting from L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
Here, the defendant's delay in bringing the motion results in a loss of part of the record of the case. The loss "may be said to be the defendant's fault." Commonwealth v. Lopez, 426 Mass. 657, 661 (1998). The lack of a record of the plea is through no fault of the Commonwealth[4] and the defendant has failed to meet his burden to present "sufficient credible and reliable evidence to rebut a presumption that the prior conviction was valid." Id. at 665. After tape recordings and case documents are destroyed, the docket sheets remain. Docket sheets are considered "prima facie evidence of the facts recorded therein." Commonwealth v. Podoprigora, 46 Mass. App. Ct. 928, 929 (1999). Here, a review of both docket sheets supports the motion judge's finding that the defendant's plea was knowing and voluntary. While the docket sheet on the challenged case does not record the fact of a plea colloquy, the defendant did receive a colloquy on the companion case. The defendant's affidavit states that he appeared before the plea judge once that day. He does not claim that he did not receive a colloquy. Rather he cites the failure of the single docket sheet to record a colloquy as dispositive. We disagree. Where the plea judge sentenced the defendant in both cases at the same time, there is a fair inference that the pleas in both cases were tendered together. Thus, the motion judge did not abuse his discretion.
Order denying motion to vacate guilty plea affirmed.
Order denying motion to reconsider affirmed.

He does not appeal the judgments in the companion case where he pleaded guilty to operating under the influence of alcohol and operating to endanger.

The defendant's motion to vacate his guilty plea was not supported by an affidavit from plea counsel. His motion for reconsideration was submitted with an affidavit from plea counsel, wherein plea counsel affirmed that he had no memory of representing the defendant and no longer had the file.

The actual tape recording of the plea hearing is not available, as District Court rules require that "the original recording" be preserved for two and one-half years. District Court Special Rule 211(A)(4) (1988). Other documents from the case would have been destroyed five years after the final disposition of the case. S.J.C. Rule 1:11(B)(6), as amended, 421 Mass. 1301 (1995).