The plaintiff, K.E.H., appeals from an order denying her motion to reconsider her motion to vacate an amended judgment entered in December, 2005, on a complaint for modification (amended judgment). The plaintiff contends that (1) the amended judgment is void because it entered without notice to her in violation of her due process rights, and (2) the judge erred in finding that there was no evidence supporting the plaintiff's claim that the docket sheet had been tampered with. We affirm.
Background. The plaintiff and the defendant, B.M.G., were never married but have two children together. On December 24, 1999, a judgment entered ordering the defendant to pay the plaintiff $258 per week in child support. On April 20, 2005, a judgment entered on the plaintiff's complaint for contempt, finding that the defendant was in arrears on his child support obligation but that he was unable to pay the $258 weekly obligation. There was, however, no change to the defendant's child support obligation at that time.
On July 7, 2005, following a hearing, the judge issued a modified judgment (modified judgment). Finding that the defendant remained in arrears, the judge ordered that the defendant pay $128 per week in child support, with the $130 per week balance to accrue. The modified judgment also set forth a September 29, 2005, compliance review date and provided that the plaintiff, who lived in Florida at all relevant times, need not appear. The docketed copy of the judgment reflects that the clerk's office sent the plaintiff a copy. This is the first of several communications the plaintiff claims she did not receive.
After the modified judgment issued but before the September 29, 2005, compliance review date, the defendant, on August 5, 2005, filed a motion for reconsideration of the modified judgment in which he sought clarification of the arrearages attributable to him. The motion's certificate of service certified that the defendant served the motion on the plaintiff by delivery to her Florida address via United States Postal Service. The plaintiff denies receiving a copy of this motion.
At the September, 2005, compliance hearing, at which the plaintiff did not appear, the judge dismissed the defendant's motion for reconsideration without prejudice, setting it down for reconsideration on December 28, 2005. The docket reflects that the clerk's office also mailed a copy of this order (which reflected the new hearing date) to the plaintiff's Florida residence. The plaintiff denies receipt of this order as well.
The plaintiff did not appear at the December, 2005, hearing. However, on the basis of the various notices that had been mailed to the plaintiff's residence, the judge found that the plaintiff was on notice of the hearing, and he issued the amended judgment in which he reduced the defendant's weekly child support obligation to $128 per week and created a payment plan to address the past-due child support. The plaintiff also denies receipt of the amended judgment.
Eight years later, on September 3, 2013, the plaintiff filed a motion to vacate the amended judgment, on the grounds that she was not notified of the modified judgment and did not receive any of the subsequent notices, orders, and judgments, and therefore, judgment had entered in violation of her right to due process. The judge denied the plaintiff's motion, finding that she had notice of the hearing dates and judgment. The plaintiff filed a motion for reconsideration, which the judge also denied. This appeal followed.
Discussion. We review the judge's denial of the plaintiff's motion for reconsideration for an abuse of discretion. Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 188 (1995).[2]
The plaintiff contends that the judge committed clear error in finding that she received notice of the modified judgment (which was the judgment initially reducing the defendant's support payments) and the subsequent hearing dates and judgments. She claims that the defendant and the clerk did not mail any communications to her and that the docket sheets and docketed filings reflecting otherwise were tampered with. We are not persuaded. Aside from these self-serving accusations, which the judge was free to discredit, see Commonwealth v. Espada, 450 Mass. 687, 702 n.17 (2008), we see no evidence in the record to rebut the docket sheet's presumption of regularity. See Commonwealth v. Podoprigora, 46 Mass. App. Ct. 928, 929 (1999), and cases cited. Accordingly, we conclude the judge's finding that the plaintiff received notice of the judgments is not clearly erroneous. See Mass.R.Dom.Rel.P. 52(a).
We also are not persuaded by the plaintiff's assertions that, even if mailed to her home, these communications did not reach her residence. The record reflects that the modified judgment (which included the defendant's new child support payment amount and notice of the September, 2005, compliance review date), the defendant's August 5, 2005, motion to amend the modified judgment, the order dismissing the defendant's motion without prejudice and setting it down for reconsideration in December, 2005, and the judgment were all deposited in the mail for delivery to the plaintiff's residence. The plaintiff does not deny residing at the address to which these communications were addressed but rather asserts the post office does not deliver to her residence. However, these claims are also unsubstantiated, and the judge could properly find that the letters were delivered as addressed. Commonwealth v. Crosscup, 369 Mass. 228, 239 (1975). Accordingly, we conclude, as did the judge, that the plaintiff was not denied due process, particularly where the judge found it incredulous for someone as heavily invested in the outcome of the litigation as the plaintiff was to wait eight years to assert lack of notice. Cf. Andover v. State Fin. Servs., Inc., 432 Mass. 571, 574-576 (2000) (judge correctly denied due process claim premised on lack of notice when notice was mailed and "recipient's own passivity" impeded delivery).
Furthermore, not every notice defect results in a due process violation that voids the judgment. See Solimeno v. State Racing Commn., 400 Mass. 397, 406 (1987) ("[E]ven if notice was defective, the plaintiffs have demonstrated no prejudice"). Here, the plaintiff was not prejudiced by the proceedings resulting in the reduction in the defendant's child support obligation. See White v. Laingor, 434 Mass. 64, 67 (2001) (child support orders must be "fair and reasonable"). See also Poras v. Pauling, 70 Mass. App. Ct. 535, 541-542 (2007) (child support obligor must have "present ability to pay" to be in contempt). The plaintiff was on notice even before the modified judgment issued that the judge had found the defendant unable to pay the $258 weekly child support obligation, and that the appropriateness of that obligation was at issue in the July 6, 2005, hearing. Id. at 542. Accordingly, we perceive no error.
Order dated December 17, 2015, denying motion for reconsideration affirmed.

The plaintiff's notice of appeal specifies only the denial of the motion to reconsider as the order from which an appeal is taken. See Mass.R.A.P. 3(c), as appearing in 430 Mass. 1602 (1999).