NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-318

COMMONWEALTH

vs.

ALFREDO RAMIREZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On August 16, 2005, the defendant, who is not a citizen of the United States, pleaded guilty to a charge of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b) (ABDW).  Seventeen years later, in 2022, the defendant moved to vacate the plea, asserting that his attorney was ineffective for failing to advise him that a conviction of a crime of moral turpitude would cause him to lose any opportunity for discretionary relief of cancellation of removal from the United States.  A judge of the District Court denied the motion without an evidentiary hearing.  Because the defendant raised substantial issues in his motion and accompanying affidavits, we vacate the order denying the motion and remand the matter for proceedings consistent with this memorandum and order.

     Background.  The defendant is a citizen of Guatemala who immigrated to the United States in 1996.  He has lived in the United States since that time.  He is married to a United States citizen and is the father and stepfather of children that are United States citizens.[1]

     On May 20, 2005, a complaint alleging ABDW and mayhem, G. L. c. 265, § 14, issued against the defendant.  On June 14, 2005, the Commonwealth filed a nolle prosequi on the mayhem charge.  According to plea counsel's notes, during the pendency of the case, the defendant and plea counsel discussed the possibility of asserting a self-defense claim.  The notes also indicated that the defendant's position was that any result of the case "must be a disposition that doesn't result in deportation" and that if such a result was unavailable, they might have to "try it" but the case was "a toughie."  The notes referred to counsel's research that a conviction of ABDW that resulted in a sentence of less than one year would not result in the defendant's deportation.

     With this in mind, a plea was fashioned with the District Court judge's agreement for the defendant to receive an eleven-month sentence with sixty days to serve in the house of correction.  On August 16, 2005, the defendant pleaded guilty to

_____

[1] It is unknown if the defendant was married or had any children or stepchildren at the time of his plea in 2005.

ABDW, and he received a sentence of six months in the house of correction with fifty-nine days to serve and the balance suspended for one year.

Sometime between the plea and 2018, the Department of Homeland Security initiated removal proceedings against the defendant.  During those proceedings, the defendant "admitted and conceded" that he was present in the United States "without admission or paroled."[2]  A United States immigration judge found that the defendant was "removable" on that basis.  The immigration judge also concluded that the conviction of ABDW is a crime involving moral turpitude and because of the defendant's conviction of that crime, he was ineligible for discretionary relief from removal.  The immigration judge ordered that the defendant be removed to Guatemala.  The Board of Immigration Appeals dismissed the defendant's appeal from the immigration judge's order.

On July 18, 2022, the defendant filed his motion to vacate his guilty plea with accompanying documents.  After a nonevidentiary hearing, a District Court judge (motion judge), who was not the plea judge, denied the motion without making any findings.  This appeal followed.

---

[2] "An alien present in the United States without being admitted or paroled . . . is inadmissible."  8 U.S.C. § 1182(a)(6)(A)(i).

3

Discussion. 1. Standard of review. "A motion to withdraw a guilty plea is treated as a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001)." Commonwealth v. DeJesus, 468 Mass. 174, 178 (2014). "We review a judge's decision to deny a motion for a new trial without holding an evidentiary hearing for a significant error of law or other abuse of discretion" (quotation and citation omitted). Commonwealth v. Upton, 484 Mass. 155, 162 (2020). "[A] defendant's motion and affidavits 'need not prove the issue raised' to be adequate but 'they must at least contain sufficient credible information to cast doubt on the issue'" (citation omitted). Commonwealth v. Lys, 481 Mass. 1, 5 (2018). An evidentiary hearing should be conducted "where a substantial issue is raised." Commonwealth v. Stewart, 383 Mass. 253, 260 (1981).

To establish that he is entitled to a new trial on the ground that he received ineffective assistance of counsel, a defendant is required to show that plea counsel's performance fell "measurably below that which might be expected from an ordinary fallible lawyer," Commonwealth v. Saferian, 366 Mass. 89, 96 (1974), and that he suffered prejudice because of his attorney's "unprofessional errors," Commonwealth v. Clarke, 460 Mass. 30, 47 (2011), quoting Commonwealth v. Mahar, 442 Mass. 11, 15 (2004).

4

2. _Plea counsel's performance_. The defendant argues that his plea counsel provided ineffective assistance by failing to adequately inform him of the immigration consequences of pleading guilty to the charge of ABDW, and that his plea to that offense should be vacated and a new trial ordered.[3]  See _Padilla_ v. _Kentucky_, 559 U.S. 356 (2010).

"Under art. 12 [of the Massachusetts Declaration of Rights] defense counsel must accurately advise a noncitizen defendant of the deportation consequences of a guilty plea or a conviction at trial."  _Commonwealth_ v. _Sylvain_, 466 Mass. 422, 436 (2013).  A noncitizen may request cancellation of removal from the United States.  See 8 U.S.C. § 1229b(b).  Cancellation of removal is available only if the noncitizen "has not been convicted of an offense under . . . [§ 1182(a)(2)]".  8 U.S.C. § 1229b(b)(C).

Conviction of a crime involving moral turpitude prohibits discretionary cancellation of removal.  See _Commonwealth_ v. _Lopez_, 96 Mass. App. Ct. 34, 35 (2019).  ABDW, pursuant to G. L. c. 265, § 15A, is a crime involving moral turpitude.  See _Matter of J_, 4 I. & N. Dec. 512, 515 (B.I.A. 1951).  Cf. _Matter of Wu_, 27 I. & N. Dec. 8, 11 (B.I.A. 2017); _Matter of O_, 3 I. & N. Dec. 193, 197 (B.I.A. 1948).  Thus, the risk of losing this

---

[3] Alternatively, the defendant argues that if this court does not reverse the order denying the motion to vacate his plea, the case should be remanded to the District Court for reconsideration.

5

opportunity for discretionary relief was a clear consequence at the time of the defendant's plea.  See Commonwealth v. Lavrinenko, 473 Mass. 42, 62 (2015) (competent counsel should advise defendant of clear immigration consequence of losing viable opportunity for discretionary relief).

The motion judge made no factual findings to address the issue of whether the defendant was informed that the offense to which he was pleading guilty was a crime of moral turpitude, and that a guilty plea could prevent him from obtaining discretionary relief from deportation or inadmissibility.  The defendant stated in his affidavit accompanying his motion that plea counsel never advised him that ABDW could constitute a crime of moral turpitude and that admitting to a crime of moral turpitude would prevent him from "applying for discretionary relief in the form of cancellation of removal."  Additionally, although plea counsel's notes reflect the importance to the defendant of avoiding adverse immigration consequences from any plea, the notes do not reflect that counsel investigated or considered whether ABDW was a crime of moral turpitude or whether the plea would deprive the defendant of the potential for discretionary relief from removal.

Of course, the motion judge was not required to credit the affidavits even where nothing in the record directly contradicted them.  See Commonwealth v. Scoggins, 439 Mass. 571,

6

578 (2003); Commonwealth v. Rzepphiewski, 431 Mass. 48, 55 (2000). However, the judge did not find that the defendant had been warned that the plea would deprive him of the possibility for discretionary relief from removal. "Such a finding is necessary to resolve the performance prong of the Saferian analysis." Commonwealth v. Henry, 88 Mass. App. Ct. 446, 454 (2015). The case must therefore be remanded for a finding whether plea counsel's performance was deficient in this respect.

3. Prejudice. If plea counsel's performance was deficient, then the judge must consider the question of resulting prejudice to the defendant. "In the context of a guilty plea, in order to satisfy the 'prejudice' requirement, the defendant has the burden of establishing that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Clarke, 460 Mass. at 47, quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985). Additionally, the defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Clarke, supra, quoting Padilla, 559 U.S. at 372.

The motion judge must determine whether there is a reasonable probability that a reasonable person in the defendant's position would have chosen to go to trial had he

7

received constitutionally effective advice from his criminal defense attorney regarding the immigration consequences of a guilty plea. See Ferrara v. United States, 456 F.3d 278, 294 (1st Cir. 2006) ("The elementary question is whether a reasonable defendant standing the petitioner's shoes would likely have altered his decision to plead guilty"). See also Commonwealth v. Scott, 467 Mass. 336, 361 (2014) (prejudice standard in Clarke "is identical to, and draws from the same source as, the standard in Ferrara").

To prove that rejecting the plea deal would have been rational, the defendant bears the "substantial burden" of showing that (1) he had an otherwise available, substantial ground of defense that he would have pursued if plea counsel had correctly advised him of the immigration consequences; (2) there is a reasonable probability that a different plea deal could have been negotiated that would have avoided the immigration consequences; or (3) "special circumstances" were present that would have made him place particular emphasis on immigration consequences. Clarke, 460 Mass. at 47-48.

In his motion to vacate his plea and accompanying affidavits, the defendant averred that if he had been aware of the immigration consequences of his plea, he would have elected to proceed to trial. The defendant argues that he met his burden to show the presence of "special circumstances" that

8

support the conclusion that he placed particular emphasis on the immigration consequences in deciding whether to plead guilty. Plea counsel's notes indicate that the defendant would "entertain a plea" but it "must be a disposition that doesn't result in deportation.  If can't, try it."

However, the presence of "special circumstances" alone does "not necessarily require a finding of prejudice."  Lavrinenko, 473 Mass. at 58.  "[A] determination whether it would be rational for a defendant to reject a plea offer 'must take into account the particular circumstances informing the defendant's desire to remain in the United States'" (citation omitted).  Id.

On remand, the judge will need to consider whether there is a reasonable probability that the defendant would have chosen to go to trial on the charge of ABDW had he been competently advised of the immigration consequences of a guilty plea.

> "Here the critical factual determination for the judge is what a reasonable defendant, under the circumstances would have estimated to be the chance of acquittal on the charge had he gone to trial, bearing in mind that, in light of the weight to be given the defendant's . . . status and the fact that the defendant faced only a house of correction sentence if convicted in the District Court, even a small chance of acquittal may be sufficient to show that it was reasonably probable that a person in the position of the defendant would have rejected the plea and insisted on going to trial."

Lavrinenko, 473 Mass. at 63.

The order denying the defendant's motion to vacate his guilty plea is vacated, and the matter is remanded for proceedings consistent with this memorandum and order.

So ordered.

By the Court (Wolohojian, Milkey & D'Angelo, JJ.[4]),

Paul Little

Assistant Clerk

Entered: January 17, 2024.

---

[4] The panelists are listed in order of seniority.