## COMMONWEALTH *vs.* PLINIO DIAZ.

No. 08-P-511.

Middlesex. October 20, 2008. - October 6, 2009.

Present: COHEN, GRAHAM, & SIKORA, JJ.

*Practice, Criminal,* Plea, Admission to sufficient facts to warrant finding.

Discussion of G. L. c. 278, § 29D, which directs trial judges not to accept a plea of guilty or nolo contendere from a criminal defendant unless the judge first advises the defendant of the potential for deportation, exclusion from admission to the United States, or denial of naturalization, and of the presumption, in the absence of a record that a judge provided such an advisement, that the defendant did not receive the required advisement. [349-350]

Discussion of the standard of review applicable to a motion for withdrawal of an aged guilty plea on grounds of omitted or inadequate warnings. [350-351]

Discussion of the use of a plea judge's statement of customary practice to fulfil the requirement of "a record" of advisement of the deportation consequences of a plea of guilty or nolo contendere in the absence of a contemporaneous transcript. [351-352]

This court remanded for further proceedings an appeal from a denial of a motion to vacate a plea admitting to sufficient facts to warrant a finding of guilt, brought on the ground that the judge did not warn the defendant of the deportation consequences of admitting to such sufficient facts, where the timing of the judge's ruling did not allow the Commonwealth to contribute to the record either argument or factual information, and where the motion judge had had extensive prior dealing with the defendant (having presided at the original plea hearing and sentencing, as well as a probation revocation hearing and two motions for withdrawal of the plea) and might have thus far unarticulated reasons to offer regarding the basis for his ruling. [352-353]

COMPLAINT received and sworn to in the Lowell Division of the District Court Department on February 4, 1994.

Motions to vacate a plea of guilty and for a new trial, filed on October 30, 2006, and January 16, 2008, were considered by *Neil J. Walker*, J.

*Jennifer H. O'Brien* for the defendant.

*Fawn D. Balliro*, Assistant District Attorney, for the Commonwealth.

SIKORA, J. This appeal presents a recurrent situation: the motion of an alien defendant to vacate a long past conviction because of an alleged omission of the required warning of immigration consequences by the judge receiving the defendant's plea of guilt or his admission to facts sufficient for a finding of guilt; and the submission of that motion years after the routine destruction of the record of the colloquy between the plea judge and the defendant.

*Facts.* In the District Court on March 7, 1994, the defendant, Plinio Diaz, admitted to facts sufficient to warrant a finding of guilt on the charge (one count) of distribution of a class B substance in violation of G. L. c. 94C, § 32A(*a*). The plea judge entered a guilty finding and imposed a sentence of eighteen months in a house of correction, suspended through March 7, 1996.

On April 27, 1994, the probation department filed a notice of violation against the defendant. The defendant failed to appear for a revocation hearing. A default warrant issued against him. Through the next ten years, a series of default warrants issued against him. In August, 2006, the District Court issued a writ of habeas corpus to a county correctional facility to acquire the presence of the defendant for adjudication of probation surrender. In October, 2006, he stipulated to a violation of probation. The plea judge imposed the sentence of eighteen months in a house of correction, to be served concurrently with a separate existing sentence.

Meanwhile on July 19, 2006, the United States Department of Homeland Security forwarded written notice[1] to the defendant, a citizen of the Dominican Republic, that he was "subject to removal from the United States" specifically by reason of his conviction of March 7, 1994.[2]

On October 30, 2006, the defendant filed his first motion to

_____

[1] The notice came on a United States Department of Justice Immigration and Naturalization Service (INS) form. However, INS ceased to exist in March, 2003, when its functions shifted to the Department of Homeland Security.

[2] As authority the notice cited §§ 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the United States Immigration and Nationality Act. The former provision (see 8 U.S.C. §§ 1101[a][43][B] & 1227[a][2][A][iii] [2006]) authorized removal for conviction related to illicit trafficking in a controlled substance, as defined by the United States Controlled Substances Act, 21 U.S.C. § 802 (2006). The latter provision (8 U.S.C. § 1227[a][2][B][i] [2006]) authorized removal for

vacate his plea admitting to sufficient facts and for a new trial with a supporting affidavit asserting "that I was never given any alien warnings, as I would never have pled out if it were a possibility that I could be deported." An affidavit from the defendant's appellate counsel accompanied the motion. She reported that she had requested the court's records, including the docket sheet and tender of plea, and had received papers but no tender of plea among them. She reported also that she had made a second specific request for the tender of plea and had received an endorsement of "none" in return. After review of the record and file, the plea judge denied the motion on the day of its filing without a hearing and without the benefit of any submission by the Commonwealth. In January, 2008, the defendant renewed his motion with an account of the United States Department of Homeland Security notification. The plea judge again denied it on the day of filing without a hearing and without benefit of any submission by the Commonwealth.

At the time of the filing of the motions in October, 2006, and January, 2008, no tapes or transcripts of the 1994 plea colloquy remained because the governing rule required the clerk-magistrate to preserve them for only two and one-half years from the date of the proceeding. Dist. Ct. Special R. 211(A)(4) (1988). The docket sheet itself included an unmarked box beside a line item of the words, "Advised of alien rights."

*Discussion.* 1. *Statutory language.* As enacted in 1978,[3] G. L. c. 278, § 29D, directed trial judges not to accept a plea of guilty or nolo contendere from any defendant unless the judge had first advised the defendant "that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization." The second and final paragraph of G. L. c. 278, § 29D, as appearing in St. 1996, c. 450, § 254, has generated disputes over the validity of motions to withdraw pleas:

"If the court fails so to advise the defendant, and he

---

any conviction of a conspiracy or attempt to violate any law of a State relating to a controlled substance, as defined in 21 U.S.C. § 802.

[3]By St. 1978, c. 383. In 1996, the Legislature made minor changes of language, but not of substance. See St. 1996, c. 450, § 254, the version applicable here. The Legislature rewrote the provision in 2004. See note 4, *infra.*

later at any time shows that his plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. *Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement*" (emphasis supplied).[4]

In this instance, the defendant contends that a record of the advisement is absent, that he is entitled to the presumption of its omission, and that the judge's denial of his motions to withdraw the admission constitutes error.

2. *Standard of review.* A motion for withdrawal of a guilty plea functions as a motion for a new trial under Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). An appellate court typically reviews the denial of a motion for a new trial "only to determine whether there has been a significant error of law or other abuse of discretion." *Commonwealth* v. *Acevedo*, 446 Mass. 435, 441 (2006), quoting from *Commonwealth* v. *Grace*, 397 Mass. 303, 307 (1986). In the setting of motions for withdrawal of aged pleas upon grounds of omitted or inadequate warnings under the second paragraph of G. L. c. 278, § 29D, the focus of review has come to concentrate upon the sufficiency of the record of the warning. The reviewing court asks whether the record of the mandatory warning is absent; whether the presumption arises in favor of the defendant; or whether the Commonwealth has furnished an adequate record to preclude the presumption. See *Commonwealth* v. *Rzepphiewski*, 431 Mass. 48, 51-55 (2000); *Commonwealth* v. *Ciampa*, 51 Mass. App. Ct. 459, 461-462 (2001). The Commonwealth retains the record-

---

[4]The Legislature revised the section by St. 2004, c. 225, § 1. The following pertinent language resulted:

"Absent an official record or a contemporaneously written record kept in the court file that the court provided the advisement as prescribed in this section, including but not limited to a docket sheet that accurately reflects that the warning was given as required by this section, the defendant shall be presumed not to have received advisement."

The 2004 revision applies only to pleas entered on or after the effective date of the act. The 1996 version of the statute continues to apply to pleas entered prior to the effective date of the 2004 revision. See St. 2004, c. 225, § 2.

making burden even though a substantial interim has elapsed between the time of the plea and the subsequent motion to withdraw it. *Commonwealth* v. *Jones*, 417 Mass. 661, 664 (1994).

3. *The record.* The statute in effect here does not compel production of *"the official record* of the plea hearing" but "only '*a record* that the court provided the advisement' " (emphases original). *Commonwealth* v. *Rzepphiewski*, 431 Mass. at 52, quoting from G. L. c. 278, § 29D, as appearing in St. 1996, c. 450, § 254.[5] A reconstructed record of the plea hearing will satisfy the requirement. *Id.* at 53. *Commonwealth* v. *Pryce*, 429 Mass. 556, 557-558 (1999). The elements of reconstruction may include docket sheet entries and notations, the current testimony of witnesses, the plea judge's memory of the substance or circumstances of a colloquy recited in a memorandum of decision, and a statement by the plea judge of his or her customary practice concerning the alien warnings at the time of the disputed proceeding.[6]

In the circumstances of a record depleted by the passage of time, the plea judge's statement of customary practice can be necessary and probative. It becomes necessary because the judge cannot typically recall the particulars of hundreds of individual colloquies lying years in the past. It becomes probative because it serves as a reasonable substitute for the records lost by the passage of time and as a reasonable safeguard against the strategy of a recanting plea bargainer to outdistance the judicial record-keeping system.[7] The decision of *Commonwealth* v. *Ciampa*, 51 Mass. App. Ct. at 463-464, furnishes detailed

---

[5]As pointed out in note 4, *supra*, the 2004 revision has altered this provision. The 1996 version of the statute applies here.

[6]These sources may be the most typical. The decisions do not place any limitations upon the potentially reliable means of reconstituting a plea record. See *Commonwealth* v. *Rzepphiewski*, 431 Mass. at 53-55; *Commonwealth* v. *Ciampa*, 51 Mass. App. Ct. at 462-463.

[7]Since the burden of establishing the record of the alien warnings remains with the Commonwealth throughout lengthy time periods and the accompanying attrition of trial court records, *Commonwealth* v. *Jones*, 417 Mass. at 664, the Commonwealth receives the benefit of alternate record-making sources, including relevant information from the plea judge. In the circumstances of a challenge to an ancient plea on G. L. c. 278, § 29D, grounds, fault for tardiness and its consequences may belong not to the defendant, but rather to the Federal immigration authorities for the unexplained lag in reaction to a deportable conviction (twelve years in this case). Without regard to the source of fault, the Commonwealth receives the burden and therefore is entitled to reasonable means to carry it.

guidance for the statement of customary practice in a memorandum of decision.[8] It must include information (a) that the plea judge customarily administered the advisement; (b) that the customary practice had begun on or about a designated date and continued in effect through the hearing in question; (c) that the advisement included all three warnings (about deportation, exclusion from admission, and denial of naturalization) compliantly with the language of the statute, and (d) that the judge delivered the advisement to all defendants offering pleas. *Ibid.* See Smith, Criminal Practice and Procedure § 23.62 (3d ed. 2007). These verifications provide the reliability of regularity.

4. *Disposition.* Here the defendant admitted to facts sufficient to warrant a finding of guilt, "the functional equivalent of a guilty plea" for purposes of G. L. c. 278, § 29D. *Commonwealth v. Rzepphiewski*, 431 Mass. at 50 n.3, and cases cited.[9] The Department of Homeland Security specifically designated that admission as a conviction subjecting him "to removal from the United States." The interim of more than twelve and one-half years between the defendant's admission and the Department of Homeland Security notice triggering his first motion to withdraw it effectively deprived the Commonwealth of a tape or transcript as the primary record of the plea colloquy.[10] The docket sheet does not confirm delivery of the warning. His plea counsel has not submitted a supporting affidavit.

In these circumstances information from the plea judge may be especially helpful. In *Commonwealth v. Ciampa*, 51 Mass. App. Ct. at 463, this court observed that the role of the same judge at both the plea stage and the motion stage, albeit almost sixteen years apart, put her "in a superior position to assess the credibility of the defendant's claim that he had not received the warnings" (quotation marks omitted). The judge here served at the stages of the plea hearing, the probation revocation hearing,

---

[8]The *Ciampa* decision prescribes content for the memorandum of customary practice that the court in *Commonwealth v. Rzepphiewski*, 431 Mass. at 54, authorized as part of a reconstructed record of a plea hearing.

[9]An admission to sufficient facts constitutes a deportable conviction under Federal immigration law. See *Commonwealth v. Villalobos*, 437 Mass. 797, 802-803 (2002).

[10]We cannot determine whether the unchecked box adjacent to the phrase, "Advised of alien rights," reflects a clerical oversight or an actual omission of the warnings. Cf. *Commonwealth v. Rzepphiewski*, 431 Mass. at 51-52.

and two motions for withdrawal of the plea. His denial of the motions implies a rejection of the defendant's credibility. However, that implication alone does not rebut the presumption arising from the absence of affirmative evidence of the required warnings. See G. L. c. 278, § 29D.

Ordinarily, the failure of a motion judge to provide an explanation (findings or reasoning) in rebuttal of the § 29D presumption of nonadvisement exposes his or her denial of a plea withdrawal to reversal in the discretion of the reviewing court. Here, however, we consider remand to be appropriate so that the judge may explain the basis for his rulings. We remand (a) because the timing of the judge's rulings did not allow the Commonwealth to contribute to the record either argument or factual information, and (b) because the motion judge has had extensive prior dealing with the defendant (original plea and sentencing; probation revocation) and may well have thus far unarticulated reasons to offer.

The serious interests at stake require the best feasible record and reasoning available from the trial court. Therefore, we remand the case to the District Court for further proceedings consistent with this opinion.[11,12]

The order denying the motion to withdraw the plea is vacated, and the case is remanded for further proceedings in accordance with this opinion.

*So ordered.*

[11]At the close of its brief, the Commonwealth suggests that the Department of Homeland Security may later commence deportation proceedings upon the basis of other convictions and that the defendant should show that those other convictions will not result in deportation. The record in this case concerns only the admission of March 7, 1994, and the notice of potential removal as the result of that sole adjudication. Those events define and limit the scope of the appeal.

[12]The belated motion to withdraw a plea or an admission presents a generic situation. The movant is often confronting immigration consequences, as here, or enhanced punishment as the result of a series of convictions to which the plea or admission was an early contributor. Consequently, trial courts might consider retaining tapes and documents generated by colloquies of pleas and admissions for periods longer than the span currently mandated by law or court rule, especially in light of the 2004 amendment quoted in note 4, *supra.* Those sources could relieve the plea judges of the work of customary practice memoranda or other difficult fact-finding exercises. They may also become more feasible as the result of advancing information storage technology.