COMMONWEALTH vs. PAULO A. MARQUES.

No. 12-P-662.

Plymouth. May 7, 2013. - August 28, 2013.

Present: KAFKER, GREEN, & WOLOHOJIAN, JJ.

*Practice, Criminal,* Plea, Admission to sufficient facts to warrant finding, Presumptions and burden of proof. *Alien.*

A District Court judge erred in denying a criminal defendant's motion to withdraw his guilty plea, in which the defendant, who was not a United States citizen, claimed that the plea judge had not advised him that the particular disposition of his case (i.e., an admission to sufficient facts) could have immigration consequences, where, although the Commonwealth met its burden of creating an affirmative record that the defendant received an immigration warning, it did not establish adequately that the plea judge gave the deportation advisement mandated by G. L. c. 278, § 29D, as amended through St. 2004, c. 225, § 1. [204-207]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on March 28, 2005.

A motion to withdraw a guilty plea was heard by *Paul C. Dawley*, J.

*Edward P. Harrington* for the defendant.

*Audrey Anderson Kachour*, Assistant District Attorney, for the Commonwealth.

WOLOHOJIAN, J. In 2005, the defendant admitted to sufficient facts to support a complaint charging him with assault by means of a dangerous weapon (glass bowl), assault and battery, and threats to commit a crime.[1] A judge of the District Court accepted the defendant's change of pleas, continued the cases without a finding, and imposed eleven months of probation.[2] Six years later, following a trip to Cape Verde,[3] the defendant was denied

---

[1]The charges arose from an incident of domestic violence against the defendant's then wife.

[2]The defendant apparently completed his probation without incident.

[3]The defendant was a legal resident of the United States, but a citizen of Cape Verde.

reentry into the United States because of the disposition of the earlier criminal charges.[4] The defendant consequently filed a motion to withdraw his pleas, arguing that the judge did not comply with G. L. c. 278, § 29D, in that he did not advise the defendant that the particular disposition of his case, i.e., an admission to sufficient facts, could have immigration consequences.[5,6] After a nonevidentiary hearing, a judge (who was not the plea judge) denied the motion in an endorsement order. We reverse because the Commonwealth did not meet its burden of establishing that the defendant received the mandatory statutory immigration warning.

At the time of the defendant's pleas, G. L. c. 278, § 29D, required that defendants be advised by a judge, "If you are not a citizen of the United States, you are hereby advised that the acceptance by this court of your plea of guilty, plea of nolo contendere, *or admission to sufficient facts* may have consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States" (emphasis added). G. L. c. 278, § 29D, as amended through St. 2004, c. 225, § 1. "To comply with the statute, the judge must give the alien warning, preferably by reading the single quoted sentence directly from the statute." *Commonwealth* v. *Hilaire*, 437 Mass. 809, 819 (2002).

The defendant does not contend that the plea judge failed to provide an immigration warning of any sort. Rather, he contends that there is no evidence that he was informed that his particular pleas, i.e., an admission to sufficient facts, could have immigra-

---

[4]The Commonwealth does not dispute that the 2005 charges were the defendant's first criminal matter. Nor does the Commonwealth dispute that the defendant's only other criminal matter is a later charge of operating under the influence. There is no dispute that the defendant, having been denied readmission to the United States, has met his burden of showing that he faces one of the immigration consequences enumerated in G. L. c. 278, § 29. See *Commonwealth* v. *Hilaire*, 437 Mass. 809, 813-814 (2002); *Commonwealth* v. *Grannum*, 457 Mass. 128, 134 (2010).

[5]The defendant's affidavit stated that he did not recall the judge advising him that his change of pleas might cause him to become inadmissible to the United States.

[6]The defendant also argued that his counsel did not adequately inform him of the potential immigration consequences of his pleas. This argument is not urged on appeal.

tion consequences and that he does not recall being so advised.[7] The Commonwealth bears the burden of providing an "affirmative record that the required advisement was given," *Commonwealth* v. *Mahadeo*, 397 Mass. 314, 318 (1986), and it retains that burden "regardless of how much time has passed since the defendant's guilty plea." *Commonwealth* v. *Grannum*, 457 Mass. 128, 132 (2010), citing *Commonwealth* v. *Jones*, 417 Mass. 661, 664 (1994). If there is no "official record or a contemporaneously written record kept in the court file that the court provided the advisement as prescribed [by G. L. c. 278, § 29D], including but not limited to a docket sheet that accurately reflects that the warning was given as required by this section, the defendant shall be presumed not to have received advisement." G. L. c. 278, § 29D.

The docket sheet has an entry on the date of the plea that "alien warning (279 § 29D [*sic*[8]]) given defendant." In addition, the "green sheet"[9] reflects that the defendant did not accept the terms of the disposition until after the proposed probation period was negotiated down from one year to eleven months. We may infer that the one-month reduction was an attempt to avoid immigration consequences of which the defendant was aware. Finally, the green sheet contains the plea judge's certification that he provided an immigration warning. In short, the Commonwealth met its burden of creating an affirmative record

[7]There is no doubt that the defendant was entitled to the particular advisement. Approximately eight months before the defendant tendered his pleas, G. L. c. 278, § 29D, was amended to require that defendants be advised specifically that an admission to sufficient facts may have certain immigration consequences. See St. 2004, c. 225, § 1, effective October 27, 2004. The amendment followed the Supreme Judicial Court's conclusion that the prior version of the statute, which did not include a warning about the potential consequences of admitting to sufficient facts, "is inadequate, and even potentially misleading." *Commonwealth* v. *Villalobos*, 437 Mass. 797, 803 (2002).

[8]The statutory citation should be to G. L. c. 278, § 29D, but the error appears to be merely typographical.

[9]"A green sheet is a form 'promulgated pursuant to Rule 4 of the District/Municipal Court Rules of Criminal Procedure and used to tender a plea under the procedures set forth in G. L. c. 278, § 18.' " *Commonwealth* v. *Haskell*, 76 Mass. App. Ct. 284, 287 n.3 (2010), quoting from *Commonwealth* v. *Peterson*, 51 Mass. App. Ct. 779, 782 n.6 (2001). The form is also used if the defendant tenders to the court any "other requested disposition." Dist./Mun. Cts.R.Crim.P. 4(c).

that the defendant received an immigration warning. "Accordingly, the statutory presumption of nonadvisement, which is triggered only in the absence of 'a record' that the deportation advisement was given, G. L. c. 278, § 29D, is not operative here." *Commonwealth* v. *Rzepphiewski*, 431 Mass. 48, 55 (2000).

This does not end the matter, however, because we must still determine whether the Commonwealth "adequately establishe[d] that the judge gave the deportation advisement mandated by the statute."[10] *Ibid.* We conclude that it did not. There is no transcript of the plea colloquy.[11] The only evidence of the content of the immigration warning that the defendant received is the plea judge's certification on the green sheet, which provides that the judge advised the defendant

> "that if he . . . is not a citizen of the United States, a conviction of the offense with which he . . . was charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States."

This warning did not comport with the amended statutory language;[12] among other things, it did not include the required reference to disposition by way of an admission to sufficient facts. See G. L. c. 278, § 29D.

There is nothing in the record to permit the motion judge (or us) to take the plea judge's contemporaneous certification at anything less than face value. For example, the Commonwealth did not supply an affidavit from the plea judge as to his memory of the substance of the colloquy, or of his regular and routine practice concerning the substance of the immigration warnings he delivered at the time of the defendant's pleas. See *Commonwealth* v. *Podoprigora*, 46 Mass. App. Ct. 928, 930 (1999) (motion judge was plea judge and noted his own standard practice

---

[10]This is a factual inquiry that we make on the same documentary record available to the motion judge, who, as we have noted, was not the judge who took the pleas.

[11]Obviously, had the transcript been available, it would have superseded the contents of the green sheet had they been in conflict. *Commonwealth* v. *Hilaire*, 437 Mass. at 818 n.5.

[12]This was also the specific warning of which the Supreme Judicial Court disapproved in *Commonwealth* v. *Villalobos*, 437 Mass. at 803.

at time of plea); *Commonwealth* v. *Diaz*, 75 Mass. App. Ct. 347, 351 (2009) ("In the circumstances of a record depleted by the passage of time, the plea judge's statement of customary practice can be necessary and probative").

Similarly, absent a record to support it, we cannot accept the Commonwealth's argument that the certification did not reflect the judge's actual warning, but was simply a by-product of the fact that the District Court was working through a backlog of obsolete green sheets. Although we recognize the chronic financial constraints on our trial courts, we cannot on that basis alone conclude that the judge's signed certification was incorrect. Nor, in the face of the plea judge's certification, can the Commonwealth rest upon the presumption that the judge complied with the amended statute. The "presumption of regularity that applies to collateral challenges to guilty pleas under" Mass.R. Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), does not apply to challenges, such as this one, brought pursuant to G. L. c. 278, § 29D. *Commonwealth* v. *Grannum*, 457 Mass. at 133.

For all of these reasons, the order denying the defendant's motion to withdraw his guilty pleas is reversed.

*So ordered.*