In October, 2003, the defendant, who is a lawful permanent resident, pleaded guilty to possession of marijuana in an amount exceeding thirty grams. Several years later, the Federal authorities initiated removal proceedings against the defendant based on his marijuana conviction. As a result, he is now facing deportation and loss of his lawful permanent resident status.
In 2015, the defendant filed a consolidated motion for new trial and motion to vacate his conviction. The Commonwealth did not file a written opposition to the motion, and it made clear at the nonevidentiary hearing on the motion that it was not opposing the defendant's request to withdraw his guilty plea. A District Court judge (who was not the plea judge) nevertheless denied the motion, and the defendant appealed. Because we conclude that the motion presented several "substantial issues" that warrant an evidentiary hearing, Mass.R.Crim.P. 30(c)(3), as appearing in 435 Mass. 1502 (2001), we vacate the order denying the motion and remand the matter for an evidentiary hearing.
Background. The facts about the incident underlying the defendant's guilty plea are not in dispute. In the evening of March 27, 2003, a State police trooper stopped a vehicle, in which the defendant was a passenger, for an inoperable headlight. After smelling the odor of burnt marijuana, the trooper ordered the driver and the defendant to exit the vehicle, pat frisked them (finding nothing), and read them their Miranda rights in English. Through a subsequent search of the vehicle, the trooper found a bag containing approximately eighty-two grams of marijuana. After that, the defendant and the driver were taken into custody and given additional Miranda warnings (again in English); upon further questioning, the defendant acknowledged that he had purchased the marijuana.
In his report about the incident, the trooper specifically noted his view that the defendant "demonstrated a very good understanding and use of the English language" during the booking process. This report indicates that the trooper based his view on the fact that he "did not have to repeat [himself] at any point," and that the defendant appeared to be able to follow directions in using a digital fingerprint machine.
On September 26, 2003, the defendant and his trial counsel signed a preprinted tender of plea form (commonly known as a green sheet). The green sheet stated that the defendant understood that conviction on the drug charge "may have the consequence[ ] of deportation" and that plea counsel had explained the defendant's rights to him. For reasons not explained in the record, the plea hearing did not occur until October 23, 2003, almost a full month after the defendant signed the green sheet. A Spanish translator was provided for the plea colloquy. The defendant pleaded guilty to the possession of marijuana in an amount greater than thirty grams.[2] He was required to pay a fine of $1,000, and sentenced to six months of probation.
In the affidavit filed in support of his motion to withdraw his plea, the defendant averred that he had difficulty understanding English. This statement was supported by the affidavits of the defendant's immigration counsel (who is also fluent in Spanish) and his motion counsel (who used immigration counsel as a translator). Both attorneys attested that the defendant possessed a "low proficiency" in English. The defendant further stated that while an interpreter was present during his plea colloquy, there was no interpreter present at the meetings with his plea counsel or at the signing of the green sheet.
In his affidavit, the defendant also stated that his plea counsel both never explained to him the immigration consequences of pleading guilty,[3] and failed to pursue a motion to suppress his statement that he was the one who had purchased the marijuana found in the car in which he had been a passenger.[4] The defendant described his ties to the United States, pointing out that he had arrived in the United States in 1987 with his mother when he was sixteen years old, lived his entire adult life here, and has had steady employment since graduating from high school.[5] Based on this showing, the defendant argued that he would not have accepted the plea agreement had he properly been advised and that he was entitled to withdraw his plea based on his counsel's ineffectiveness.[6]
Having not opposed the defendant's motion to withdraw his plea, the Commonwealth unsurprisingly made no effort to counter his factual allegations. Despite this, the judge denied the defendant's motion without holding an evidentiary hearing. The judge credited the trooper's observation in his report about the defendant's proficiency in English, without commenting on the affidavits to the contrary filed by the defendant, his motion counsel, and his immigration counsel. In addition, the judge commented that the defendant's claim that his plea counsel failed to explain the immigration consequences of a guilty plea was "supported only by the self-serving affidavit of the defendant." In the end, however, the judge expressly stated that he was not "deciding whether [plea] counsel was ineffective for failing to inform the defendant of the immigration consequences [of the plea]." Instead, the judge rested his ruling on his conclusion that the defendant failed to demonstrate prejudice, or, as the judge put it, the defendant did not put forward "a justifiable reason for pleading not guilty and going to trial."
Discussion. "A motion for withdrawal of a guilty plea functions as a motion for a new trial under Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). An appellate court typically reviews the denial of a motion for a new trial 'only to determine whether there has been a significant error of law or other abuse of discretion.' " Commonwealth v. Diaz, 75 Mass. App. Ct. 347, 350 (2009), quoting from Commonwealth v. Acevedo, 446 Mass. 435, 441 (2006). "A judge may make the ruling [on a motion for new trial] based solely on the affidavits and must hold an evidentiary hearing only if the affidavits or the motion itself raises a 'substantial issue' that is supported by a 'substantial evidentiary showing.' " Commonwealth v. Sylvester, 476 Mass. 1, 5 (2016) (quotation omitted).
We agree with the defendant that under the circumstances of this case an evidentiary hearing should have been held with respect to both ineffective assistance of his trial counsel and the prejudice he suffered from pleading guilty. "Counsel's advice regarding the immigration consequences for a permanent resident tendering a guilty plea to controlled substance charges is a serious issue." Commonwealth v. Martinez, 86 Mass. App. Ct. 545, 550 (2014). See Commonwealth v. Goodreau, 58 Mass. App. Ct. 552, 554 (2003) (characterizing issue of effective assistance of counsel as "unquestionably serious").[7] The judge's conclusion that only the defendant's affidavit supports his claim that he was not properly advised about the immigration consequences of his plea is not accurate; as noted, motion counsel made a thorough review of plea counsel's entire case file and found no notes regarding advice the defendant had been given. Moreover, this is not a case where the defendant made no efforts to question plea counsel about what occurred, or where plea counsel's silence lay unexplained. Rather, plea counsel told motion counsel he had no memory of the case and refused to file an affidavit supporting the defendant's motion. See Martinez, 86 Mass. App. Ct. at 551 ("a lawyer who is aware that his assistance some five or ten years earlier was less than exemplary might very well be reluctant to describe that lapse in an affidavit intended for submission to a court where he regularly receives new appointments").
Furthermore, the defendant's claims that he was inadequately advised are reinforced by the language issues he has raised in that a lack of proficiency in English might have significantly affected the defendant's understanding of any immigration warnings he was given. On this record, it is uncontested that plea counsel did not speak Spanish and did not provide the defendant with an interpreter during their counseling sessions. To be sure, even without the Commonwealth's contesting the defendant's asserted low proficiency in English, the motion judge was not required to accept the defendant's claims about this. However, the defendant made a sufficient showing on this point to warrant an evidentiary hearing to get to the bottom of such issues. Indeed, that the trooper may not have had to repeat himself during the booking process and that the defendant was able to use the digital fingerprint machine hardly provides robust proof that the defendant was proficient in English, let alone proof that he was able to understand the intricacies of immigration consequences of his plea deal.[8]
It also bears remembering that the defendant is separately claiming that plea counsel was constitutionally ineffective for failing to pursue a motion to suppress based on his low proficiency in English. Specifically, the defendant argues that plea counsel should have moved to suppress the statements that he made to the troopers after he had been given Miranda warnings only in English. If the defendant could have shown that he had a poor understanding of English, then he would have had strong grounds for suppressing his statement that he had purchased the marijuana. Commonwealth v. Lujan, 93 Mass. App. Ct. 95, 101-103 (2018), and cases cited. Thus, while any language problems strengthen the defendant's claims with regard to the alleged inadequacy of the advice he received regarding immigration consequences, they also stand on their own as an additional ground of alleged constitutional ineffectiveness.
We also disagree with the motion judge's assessment that the defendant failed to make a sufficient showing of prejudice. At trial, the Commonwealth would have had to prove that the marijuana found inside the vehicle in which the defendant was a passenger was in the defendant's constructive possession. If the defendant had won suppression of his admission that he had purchased the marijuana, mustering proof beyond a reasonable doubt that the defendant constructively possessed the marijuana could have been challenging.[9] See, e.g., Commonwealth v. Romero, 464 Mass. 648, 658 (2013) (evidence that defendant, one of multiple occupants inside of car, intended to exercise dominion and control over firearm found there held insufficient as matter of law).
In addition, the plea agreement was not particularly favorable to the defendant. While he avoided jail time, he paid a significant fine ($1,000) and was sentenced to six months of probation. The defendant's claim that he would not have accepted that plea agreement but for plea counsel's ineffectiveness has sufficient force to warrant an evidentiary hearing. This is particularly true given that-at the time the plea agreement was accepted-the defendant had been in the country as a legal resident for sixteen years (his entire adult life) and therefore may have faced " 'special circumstances' that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty." Commonwealth v. DeJesus, 468 Mass. 174, 183 (2014) (quotation omitted). It is well established that "a noncitizen defendant confronts a very different calculus than that confronting a United States citizen." Id. at 184. An evidentiary hearing is appropriate to address the defendant's alleged special circumstances.
Conclusion. "[T]he test for whether [the defendant's submission] raise[s] a serious issue warranting further scrutiny [at evidentiary hearing] is ... whether [it] cast[s] real doubt on [the issue]." Goodreau, 58 Mass. App. Ct. at 558. For reasons stated above, we conclude that the defendant has met that burden here. Therefore, we vacate the order denying the consolidated motion for new trial and motion to vacate conviction and remand the matter for an evidentiary hearing.
So ordered.
Vacated and remanded.

The defendant originally had been charged with possession of a class D substance with intent to distribute and conspiracy to violate the controlled substances statute.

Specifically, the defendant stated that plea counsel "never explained that pleading guilty to possession of marijuana would make [him] inadmissible and deportable and that the conviction would make [him] ineligible for relief from removal." According to motion counsel's affidavit, plea counsel was asked to submit an affidavit in support of the defendant but refused to do so, saying that he had no recollection of the case. Plea counsel did provide his entire case file, and motion counsel averred that there are no attorney notes memorializing that the immigration consequences of the plea were discussed with the defendant (or researched).

The fact that no motion to suppress was filed is also confirmed by the docket.

The application for complaint form filed with the District Court also indicates that the defendant was employed at the time of his arrest.

The claim of ineffective assistance was based not only on plea counsel's allegedly inadequate advice as to the immigration consequences of the plea, but also on counsel's failure to utilize a translator and to file a motion to suppress the statements the defendant made after receiving Miranda warnings only in English.

That the defendant apparently received the statutory immigration warnings required by G. L. c. 278, § 29D, does not provide "an adequate substitute for defense counsel's professional obligation to advise [his] client of the likelihood of specific and dire immigration consequences that might result from such a plea." Martinez, 86 Mass. App. Ct. at 552, quoting from Commonwealth v. DeJesus, 468 Mass. 174, 177 n.3 (2014).

We note again that the motion judge was not the plea judge and did not have personal familiarity with the defendant. Compare Sylvester, 476 Mass. at 6. Even the plea judge might have had limited ability to evaluate the defendant's English language skills given that a translator was used at the plea hearing.

As noted, the original charges were for possession with intent to distribute and conspiracy. At least on the record before us, evidence of intent to distribute was not strong. The amount of marijuana was less than three ounces, and no other incidents of distribution appear. On the current record, the conspiracy charge was no stronger.