The defendant appeals from the denial of her motion to vacate her guilty plea, claiming deficiency in the advisement of immigration consequences, to which she was entitled pursuant to G. L. c. 278, § 29D. We affirm.
Background. In 2000, the defendant pleaded guilty to trafficking in a class B substance over fourteen grams and conspiracy to traffick in a class B substance. In 2011, the defendant filed a motion to vacate the trafficking conviction based on her claim that she was not given the alien warnings required by G. L. c. 278, § 29D. Since the plea judge had retired, another Superior Court judge heard the motion. A transcript of the plea colloquy is not available. The motion judge denied the motion to vacate after a nonevidentiary hearing.
Discussion. 1. Standard of review. A motion for new trial is the proper procedural vehicle by which a defendant may seek to vacate a guilty plea. Commonwealth v. Scott, 467 Mass. 336, 344 (2014). A judge may grant a motion for new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), "if it appears that justice may not have been done." We review the denial of a motion for new trial "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). In reviewing motions for withdrawal of pleas on grounds of inadequate alien warnings, the focus of review is the sufficiency of the record of the warning. When faced with the question whether there is a record of the warnings, the burden is on the Commonwealth to furnish an adequate record to preclude the statutory presumption the warnings were not provided. See Commonwealth v. Diaz, 75 Mass. App. Ct. 347, 350-351 (2009). Because the motion judge was not the plea judge, we are "in as good a position as the motion judge to assess" the record, and defer only on matters of credibility. Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016), quoting from Grace, 397 Mass. at 307.
2. Alien warnings. Pursuant to G. L. c. 278, § 29D, if a judge taking a guilty plea fails to give alien warnings and the defendant shows that her plea and conviction may have one of the enumerated consequences, the judge is required to permit the defendant to withdraw the plea. Indeed, unless there is a record that the warnings were provided, "the defendant shall be presumed not to have received the required advisement." Diaz, 75 Mass. App. Ct. at 350, quoting from § 29D, as appearing in St. 1996, c. 450, § 254.
The defendant's affidavit in support of her motion claims that during the plea hearing the court did not inform her that by pleading guilty "[she] could be deported from the United States." Due to the passage of time, there is no transcript of the 2000 plea colloquy, and the plea judge has retired. The defendant contends that she is entitled to a presumption that the warnings were not given since no record exists establishing that she received the required warnings from the plea judge. In an effort to reconstruct the record, the Commonwealth supplied the motion judge with a waiver of rights form signed by the defendant and her attorney. The waiver of rights form contains a confirmation by the defendant and her attorney that she had been advised of the alien warnings by the judge. Here, the motion judge found that the waiver of rights form provides a sufficient record to overcome the presumption that the defendant did not receive the necessary warnings. See Commonwealth v. Hilaire, 437 Mass. 809, 818 n.5 (2002) ("[S]econdary sources, such as the preprinted [waiver of rights] form ... suffice in the absence of an official transcript"). See also Commonwealth v. Rzepphiewski, 431 Mass. 48, 52-53 (2000) ; Diaz, 75 Mass. App. Ct. at 351 n.6. The motion judge found that the waiver of rights form in conjunction with the plea judge's acceptance of the defendant's plea were sufficient to show the alien warnings were provided. Upon review of the record we agree, for the same reasons as the motion judge, that the Commonwealth has furnished an adequate record to rebut the presumption that the warnings were not provided in the present case and that the record evidence establishes that the defendant "received the warnings required" by G. L. c. 278, § 29D.
We discern no clear error of law or abuse of discretion in the motion judge's denial of the defendant's motion to withdraw her plea. The motion judge correctly points out that "[o]ther than her own self serving affidavit, the defendant has offered nothing to support her claim that the judge did not give her the required alien warnings." The motion judge was free to discredit the defendant's affidavit. "A judge is not required to accept as true the allegations in a defendant's affidavit, even if nothing in the record directly disputes them." Rzepphiewski, supra at 55. Further, as noted by the motion judge, "no affidavit has been filed by an assistant clerk magistrate of the session or defense counsel of record on the plea." See Commonwealth v. Goodreau, 442 Mass. 341, 354 (2004) ("[A] judge may take into account the ... failure to provide pertinent information from an expected and available source"); Commonwealth v. Vaughn, 471 Mass. 398, 405 (2015) ("[T]he credibility, weight, and impact of the affidavits are entirely within the motion judge's discretion").
Order denying motion for new trial affirmed.