NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

21-P-1143                                        Appeals Court

COMMONWEALTH  vs.  JUNIAS JEAN-LOUIS.

No. 21-P-1143.

Middlesex.      September 7, 2022. – March 2, 2023.

Present:  Neyman, Ditkoff, & Hershfang, JJ.

Practice, Criminal, Admission to sufficient facts to warrant
    finding, Plea, Presumptions and burden of proof, Record.
    Alien.

Complaints received and sworn to in the Cambridge Division
of the District Court Department on January 4, 1995, December 4,
1995, and December 18, 1995.

A motion to withdraw admissions to sufficient facts and
guilty pleas was heard by Richard A. Mori, J.

Luke Rosseel for the defendant.
Chia Chi Lee, Assistant District Attorney, for the
Commonwealth.

NEYMAN, J.  The defendant, Junias Jean-Louis, claims that

two District Court judges failed to provide any immigration

warnings pursuant to G. L. c. 278, § 29D, at two different plea

hearings, and thus that his motion to withdraw his admissions to

sufficient facts and guilty pleas in three separate cases should
have been allowed.  In the circumstances of this case, where all
three dockets reflect that the defendant was advised of his
"immigration rights" and two of the three further reflect that
he was advised of his "alien rights," we conclude that the judge
did not abuse his discretion in denying the motion.  We
therefore affirm.

Background.  1.  District Court admissions and guilty
pleas.  On January 4, 1995, a criminal complaint issued out of
the Cambridge Division of the District Court Department, docket
number 9552CR0045 (docket 0045), charging the defendant with one
count of assault by means of a dangerous weapon and one count of
larceny from a person.  On June 9, 1995, the defendant admitted
to sufficient facts to warrant a finding of guilty on both
counts, and a District Court judge (first judge) continued the
case without a finding for one year.  Docket 0045 contains two
separate stamped notations located in the "FINDING" box for each
count that reflect, in relevant part, that the defendant was
"advised of immigration rights."[1]  The docket further reflects

---

[1] The two stamped notations read, in full, "Jury waived
change of plea advised of immigration rights plea of guilty
accepted by the court."  However, the word "accepted" is crossed
out.  Adjacent to each stamp is the handwritten notation "REJ"
next to the first judge's signature, signifying that the first
judge rejected the proffered guilty plea and, instead, continued
the case without a finding.

that the defendant subsequently violated the terms and conditions of the continuances without a finding, and, on January 29, 1996, a different judge (second judge, and collectively with first judge, plea judges) entered guilty findings on both counts and sentenced the defendant to a term of probation.

On December 4, 1995, another complaint issued out of the same court, docket number 9552CR4699 (docket 4699), charging the defendant with one count of possession of a class B controlled substance with intent to distribute and one count of possession of a controlled substance within one thousand feet of a school (school zone violation).  On January 29, 1996, the defendant pleaded guilty to the count of possession of a class B controlled substance with intent to distribute, and the second judge, who was also the probation violation judge for docket 0045, see note 3, infra, sentenced him to serve two and one-half years in a house of correction, with eighteen months to serve, and the balance suspended with probation until January 30, 1998. The second judge dismissed the school zone violation at the Commonwealth's request and with the defendant's consent.  Docket 4699 contains the same stamped notation as docket 0045 in the finding box that reflects, in relevant part, that the defendant

was "advised of immigration rights."[2]  In addition, docket 4699

shows a box captioned "Advised of alien rights," which is

checked and dated "1-29-96."

On December 18, 1995, another complaint issued out of the

same court, docket number 9552CR004880 (docket 4880), charging

the defendant with one count of possession of a class D

controlled substance with intent to distribute and one count of

a school zone violation.  On January 29, 1996, the defendant

pleaded guilty to the count of possession of a class D

controlled substance with intent to distribute, and the second

judge imposed the same sentence as the one in the other drug

case, with both sentences to run concurrently.[3]  The second judge

dismissed the school zone violation at the Commonwealth's

request and with the defendant's consent.  Docket 4880 contains

the same stamped notation as dockets 0045 and 4699 that

reflects, in relevant part, that the defendant was "advised of

immigration rights."  As with docket 4699, docket 4880 likewise

_____

[2] The stamped notation in docket 4699 reads, in full, "Jury
waived change of plea advised of immigration rights plea of
guilty accepted by the court."

[3] It appears that on January 29, 1996, as part of a plea
agreement, the second judge sentenced the defendant to
concurrent sentences on the two separate drug cases, dockets
4699 and 4880, and, on that same date, accepted the defendant's
stipulation to a violation of the terms and conditions of his
continuances without a finding, docket 0045, entered findings of
guilty, and sentenced him to probation until July 26, 1996.

shows a checkmark in the box captioned "Advised of alien rights," with the date "1-29-96" written adjacent thereto.

2. <u>Superior Court convictions</u>. In 2005, following a jury trial in the Superior Court, the defendant was convicted of assault with intent to rape, kidnapping, and indecent assault and battery, docket number 0381CR01416, and sentenced to a term of incarceration in State prison. In 2011, this court affirmed the convictions. See <u>Commonwealth</u> v. <u>Jean-Louis</u>, 78 Mass. App. Ct. 1119 (2011), cert. denied sub nom. <u>Jean-Louis</u> v. <u>Massachusetts</u>, 568 U.S. 1174 (2013). In 2014, shortly after the defendant's release from State prison, he was deported to Haiti. The defendant filed a motion for a new trial challenging the Superior Court convictions "on grounds unrelated to immigration consequences." That motion was denied on July 22, 2022.[4]

3. <u>Motion to withdraw admissions and guilty pleas</u>. On September 23, 2021, more than twenty-five years after his guilty pleas and more than twenty-six years after his admissions to sufficient facts, the defendant filed in District Court a motion to withdraw them pursuant to G. L. c. 278, § 29D (motion to withdraw). As averred in the defendant's affidavit filed in

---

[4] On July 25, 2022, the defendant filed a notice of appeal from the denial of his motion for new trial. That appeal is currently awaiting briefing in this court and is not presently before us.

support of the motion to withdraw, the defendant claims that at the two different plea hearings relating to the three cases, the plea judges failed to provide any immigration warnings as required by G. L. c. 278, § 29D.[5]  As further averred in the defendant's affidavit, the purpose of the motion is to "seek to re-open [his] immigration case and seek permission . . . to return to [the United States]," if he is allowed to withdraw his admissions and guilty pleas.[6]  On November 3, 2021, following a nonevidentiary hearing, a judge (motion judge), who was not one of the plea judges, denied the motion to withdraw in a margin endorsement.[7]  The defendant now appeals therefrom.

---

[5] With respect to the defendant's June 9, 1995, admissions to sufficient facts on docket 0045, the defendant averred in his affidavit that "the judge did not say anything to me indicating that my admissions could have immigration consequences."  As to the defendant's January 29, 1996, guilty pleas on dockets 4699 and 4880, the defendant similarly averred in his affidavit that the second judge "did not say anything to me indicating that my guilty pleas[] could have immigration consequences."  As to each case, the defendant further averred in his affidavit that "the judge did not say that the guilty pleas [and admissions] could result in me being excluded from admission to the United States."

[6] In his affidavit, the defendant described the challenges he faces living in Haiti, including the unstable political situation, recent natural disasters, his inability to receive the medical attention he needs, and the pain from being separated from his family.  The defendant submitted affidavits by others in support of his motion to withdraw, including those of his wife and three children wherein they describe the impact of his absence in their lives.

[7] The motion judge did not make written findings of fact or rulings of law.

Discussion. 1. Legal standards. The defendant moved to withdraw his admissions and guilty pleas pursuant to G. L. c. 278, § 29D. A motion to withdraw a guilty plea is treated as a motion for a new trial under Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). Commonwealth v. Diaz, 75 Mass. App. Ct. 347, 350 (2009). We review the denial of such a motion "only to determine whether there has been a significant error of law or other abuse of discretion" (citation omitted). Id. See Commonwealth v. Rzepphiewski, 431 Mass. 48, 56 (2000) ("judge did not abuse his discretion in denying the defendant's motion to withdraw his plea pursuant to G. L. c. 278, § 29D"). See also E.B. Cypher, Criminal Practice and Procedure § 24.74 (4th ed. 2014) (motion judge exercises sound discretion in ruling on motion to vacate guilty plea). However, in cases brought under § 29D where a "noncitizen defendant 'actually faces the prospect of [an immigration consequence enumerated in the statute] occurring' as a result of the challenged plea . . . and . . . the defendant was not verbally warned about that particular adverse consequence during the colloquy as required by the statute," a judge has no discretion and relief must be granted. Commonwealth v. Petit-Homme, 482 Mass. 775, 784 & n.10 (2019).

At the time of the defendant's admissions and guilty pleas, the plain language of § 29D required that a defendant be advised

that a guilty plea may result in "deportation, exclusion from admission to the United States, or denial of naturalization." G. L. c. 278, § 29D, inserted by St. 1978, c. 383.[8]  For purposes of § 29D, an admission to sufficient facts to warrant a finding of guilty is treated as the functional equivalent of a guilty plea.  Rzepphiewski, 431 Mass. at 50 n.3.  The statute further provided that "[a]bsent a record that the Court provided the advisement required by this section, the defendant shall be

_____

[8] At the time of the defendant's 1995 and 1996 admissions and guilty pleas, G. L. c. 278, § 29D, inserted by St. 1978, c. 383, provided as follows:

> "The Court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the Court advises him of the following:  'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.'  The defendant shall not be required at the time of the plea to disclose his or her legal status in the United States to the court.

> "If the Court fails so to advise the defendant, and he later at any time shows that his plea and conviction may have one of the enumerated consequences, the Court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of 'not guilty.'  Absent a record that the Court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement."

All references to § 29D in this opinion are to the 1978 version unless otherwise noted.

presumed not to have received the required advisement."  G. L. c. 278, § 29D.  Thus, "[t]he burden is on the Commonwealth to provide a record of the proceedings affirmatively demonstrating that the defendant was advised that his plea might impair his immigration status" (quotation and citation omitted).  Commonwealth v. Ciampa, 51 Mass. App. Ct. 459, 462 (2001).  "Where there is no record that the court provided the required advisement, the presumption arises that no warning was given."[9] Id.

---

[9] General Laws c. 278, § 29D, was amended in 1996 and again in 2004, and now provides in relevant part:

> "The court shall not accept a plea of guilty . . . or an admission to sufficient facts from any defendant in any criminal proceeding unless the court advises such defendant of the following:  'If you are not a citizen of the United States, you are hereby advised that the acceptance by this court of your plea of guilty . . . or admission to sufficient facts may have consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.' . . .

> "Absent an official record or a contemporaneously written record kept in the court file that the court provided the advisement as prescribed in this section, including but not limited to a docket sheet that accurately reflects that the warning was given as required by this section, the defendant shall be presumed not to have received advisement."

G. L. c. 278, § 29D, as amended through St. 2004, c. 225, § 1. The 2004 revisions apply only to pleas and admissions entered on or after the effective date of the act.  See St. 2004, c. 225, § 2.

2.  Analysis.  The defendant argues that the plea judges "did not say anything to [him] indicating that [his] admissions [and guilty pleas] could have immigration consequences."  He further contends that the Commonwealth cannot satisfy its burden to prove that he received the immigration warnings required by § 29D because the law requires additional evidence beyond a docket sheet.[10]  These arguments are unavailing.

Given the twenty-five plus years that have passed since the defendant's guilty pleas and admissions, it is neither disputed nor surprising that, when the defendant filed his motion to

_____

[10] Where the defendant was deported to Haiti in 2014, he contends that he is entitled to withdraw his admissions and guilty pleas because he did not receive any of the immigration warnings required by § 29D, has a bona fide desire to reenter the United States, and if he tried to do so, there would be a substantial risk that he would be excluded from admission under Federal immigration law because of his convictions.  See Commonwealth v. Valdez, 475 Mass. 178, 187 (2016) ("where a defendant has not received the required exclusion from admission warning under § 29D, he or she satisfies the burden of showing that his or her conviction 'may have' the consequence of exclusion from admission to the United States by showing [1] that he has a bona fide desire to leave the country and reenter, and [2] that, if the defendant were to do so, there would be a substantial risk that he or she would be excluded from admission under Federal immigration law because of his or her conviction").  For purposes of our analysis herein, we accept the contentions that the defendant has a bona fide desire to reenter the United States.  See note 6, supra.  As discussed infra, the defendant's claim that these District Court convictions give rise to a substantial risk that he would be excluded from admission under Federal immigration law is speculative in light of his more recent Superior Court convictions.

withdraw in 2021, no recordings, tapes, or transcripts of the 1995 and 1996 plea colloquies existed.  See Diaz, 75 Mass. App. Ct. at 352 ("The interim of more than twelve and one-half years between the defendant's admission and the Department of Homeland Security notice triggering his first motion to withdraw it effectively deprived the Commonwealth of a tape or transcript as the primary record of the plea colloquy").  Thus, we look to the available court record within the meaning of G. L. c. 278, § 29D.

Each of the three District Court dockets contains at least one stamped notation that the defendant was "advised of immigration rights."[11]  Two of the three dockets contain an additional checkmark in the box captioned, "Advised of alien rights[,]" with the date of the plea hearing handwritten beside it.  Contrary to the defendant's claim, it is well established that docket sheets qualify "as a 'record' within the meaning of G. L. c. 278, § 29D, so as to avoid operation of the statutory presumption in favor of the defendant."  Commonwealth v. Podoprigora, 46 Mass. App. Ct. 928, 929 (1999).  See Rzepphiewski, 431 Mass. at 52-53 (agreeing with Appeals Court's conclusion in Podoprigora that term "record" in G. L. c. 278,

---

[11] Docket 0045 contains two stamped notations -- one in each finding box for the two separate counts -- that the defendant was "advised of immigration rights."

§ 29D, "includes a docket sheet on which a box has been checked indicating that the deportation advisement was given"). Contrast Diaz, 75 Mass. App. Ct. at 349, 352-353 (remanding case to plea judge to explain basis for denial of motions to withdraw guilty plea where, inter alia, docket sheet contained no affirmative evidence of required warnings, but rather "an unmarked box beside a line item of the words, 'Advised of alien rights[,]'" and judge failed "to provide an explanation [findings or reasoning] in rebuttal of the § 29D presumption of nonadvisement").  Accordingly, we have no difficulty concluding that the three docket sheets in the present case -- containing a total of six separate notations substantiating that the defendant was "advised of immigration rights" and "[a]dvised of alien rights" -- constitute a record that "the Court[s] provided the advisement required" by § 29D.  G. L. c. 278, § 29D.  Thus, "the statutory presumption of nonadvisement . . . is not operative here."  Rzepphiewski, supra at 55.  See E.B. Cypher, Criminal Practice and Procedure § 24.74, at 351 ("A docket sheet . . . that indicates that the defendant did receive the warnings is sufficient to avoid the operation of the statutory presumption in favor of the defendant").

The defendant responds that even assuming that the statutory presumption of nonadvisement is inoperative, the docket entries are insufficient because they do not contain

explicit citations to § 29D, and thus do not prove the content of any immigration warnings to the defendant.  This claim is likewise unpersuasive.  In Podoprigora, we concluded that a docket sheet, "which contained a check mark at the box on the docket form entitled 'Advised of alien rights[,]'" qualified as a record within the meaning of § 29D and satisfied the Commonwealth's burden of affirmatively demonstrating that the defendant received the required statutory advisement.  Podoprigora, 46 Mass. App. Ct. at 929-930.  Critical to our analysis here, the docket sheet entry in Podoprigora did not contain an explicit citation to § 29D.  Of note, the Supreme Judicial Court has confirmed that holding.  See Commonwealth v. Hilaire, 437 Mass. 809, 818 n.5 (2002), citing Podoprigora, supra at 929 ("notation on docket that defendant advised of 'alien rights' constituted sufficient 'record' that § 29D warnings administered").

The defendant also contends that affirming the denial of the motion to withdraw would contradict the teachings of the Supreme Judicial Court in Rzepphiewski, 431 Mass. at 53-55.  We disagree.  In Rzepphiewski, the court concluded that a docket sheet indicating that the defendant admitted to sufficient facts after a hearing, "coupled with" (a) the plea judge's "'contemporaneously made notes' of the [plea] hearing which recorded the defendant's age and years of schooling," and (b)

the judge's reliance on his "customary practice of including the deportation advisement in a plea colloquy," sufficed to reconstruct a record that the trial court provided the requisite § 29D warning at the plea hearing.  Id. at 52, 54-55.  The court then considered whether that reconstructed record "adequately establishe[d] that the [plea] judge[, who was also the motion judge,] gave the deportation advisement mandated by statute at the defendant's hearing."  Id. at 55.  Noting that the only other evidence before the judge was the defendant's affidavit averring that during the plea hearing the judge never advised him that his admission to sufficient facts could result in deportation, the court concluded that the judge did not err or abuse his discretion in rejecting the claim in the defendant's affidavit.  See id. at 55-56 ("judge is not required to accept as true the allegations in a defendant's affidavit, even if nothing in the record directly disputes them").

In the present case, the defendant likewise filed an affidavit in which he averred that neither plea judge provided any warnings whatsoever regarding any potential immigration consequences.  Just as in Rzepphiewski, the motion judge had the discretion to reject the defendant's self-serving claims in his affidavit.[12]  Moreover, in Rzepphiewski, there was no other

_____

[12] Although the judge denied the motion to withdraw in a margin order without any findings of fact or rulings of law, it

evidence, apart from the notation on the docket that the defendant admitted to sufficient facts after a hearing and the judge's general notes about the defendant and recollection of his customary plea colloquy practice, countering the claims in the defendant's affidavit. Rzepphiewski, 431 Mass. at 54-56. Here, by contrast, the motion judge had before him abundant documentary evidence that he could and implicitly did credit. See Podoprigora, 46 Mass. App. Ct. at 930 (compared to motion judge's observation of "standard practice" to give immigration warnings, docket sheet is "an even more explicit contemporaneous document reflecting the provision of the advisement"). See also Diaz, 75 Mass. App. Ct. at 353 (judge's "denial of the motions [to withdraw plea] implies a rejection of the defendant's credibility"). Here, there were multiple entries, on multiple dockets, on different plea dates, before two different judges, confirming that the defendant was advised of immigration warnings and alien warnings as required by § 29D. Consequently, on the record before us, there was no error or abuse of discretion in denying the defendant's motion to withdraw.[13]

---

is clear from the record that he implicitly rejected the defendant's contention in his affidavit that he did not receive any immigration warnings at either of his plea hearings. See Diaz, 75 Mass. App. Ct. at 353.

[13] We do not suggest that a judge must conclude that any docket entry referencing an immigration or alien warning is dispositive. Rather, we hold only that a judge who rejects a

Finally, the defendant's reliance on Commonwealth v. Marques, 84 Mass. App. Ct. 203 (2013) is misplaced. In that case, the contemporaneous certification on the "green sheet,"[14] plea form, signed by the judge, established that the immigration warnings given did not comport with the statutory requirements. Id. at 206. As we stated, "[t]here is nothing in the record to permit the motion judge (or us) to take the plea judge's contemporaneous certification at anything less than face value," and thus we could not "accept the Commonwealth's argument that the certification did not reflect the judge's actual warning." Id. at 206-207. The instant case does not involve contemporaneous (or indeed, any) evidence that the immigration and alien warnings given did not follow the statutory requirement, and nothing in Marques requires us to presume that the judges either gave incorrect or no immigration or alien warnings, in the absence of credible evidence to that effect.

We also affirm on an alternative basis. As discussed supra, the parties do not dispute that the defendant was also

---

defendant's self-serving affidavit has the discretion to rely on such docket entries in determining that the proper warnings were given. See Rzepphiewski, 431 Mass. at 55-56.

[14] "A green sheet is a form promulgated pursuant to Rule 4 of the District/Municipal Court Rules of Criminal Procedure and used to tender a plea under the procedures set forth in G. L. c. 278, § 18" (quotation and citation omitted). Marques, 84 Mass. App. Ct. at 205 n.9.

convicted in the Superior Court in 2005 for assault with intent to rape, kidnapping, and indecent assault and battery. Based on those convictions, and following his release from State prison, he was deported to Haiti. Those convictions, which were unrelated to the immigration warnings at issue in the present case, "independently are a basis for deportation, refusal of readmission, and denial of naturalization." Commonwealth v. DeSorbo, 49 Mass. App. Ct. 910, 911 (2000). In such circumstances, any prejudice to the defendant from the convictions at issue here is speculative.[15] See id. ("Having already been convicted of offenses that subject him to permanent exclusion from the United States, this particular [drug] conviction caused no incremental harm"). See also Commonwealth v. Barreiro, 67 Mass. App. Ct. 25, 27 (2006) ("any prejudice the defendant claims as a result of the inadequate warnings given prior to his separate . . . conviction for receiving stolen

---

[15] The defendant's attempt to rely on the fact that he, unlike the defendant in DeSorbo, is presently challenging his unrelated Superior Court convictions is unavailing. That the defendant has filed a notice of appeal from the order denying his motion for a new trial in the Superior Court case does not render any alleged prejudice to the defendant materially less speculative.

property is merely speculative and insufficient to trigger the remedy under G. L. c. 278, § 29D").[16]

> Order denying motion to
>     withdraw admissions and
>     guilty pleas affirmed.

---

[16] We decline the defendant's request to overrule DeSorbo, 49 Mass. App. Ct. at 911, or in the alternative, to stay this appeal until his appeal from the denial of his motion for new trial in his Superior Court case is resolved.